WILLARD WATERS *qui tam, v.* IRA DAY.

In a *criminal case,* any justice of the county has jurisdiction, though the
penalty or fine may go into the treasury of the town, of which such jus-
tice is a rated inhabitant; but in *civil cases,* if any part of the debt or
avails of the action go into the town treasury, such justice has not juris-
diction.    The action *qui tam* is a *civil action.*

THIS was a *qui tam* action, for the rescue, by the defendant
in Barre, of certain sheep, contrary to the statute against pound
breach, &c., which gives the penalty, one half to the prose-
cutor, and the other half to the town, in which the offence is
committed.   It went up, by appeal from a justice of the
peace, to the county court, where it was tried upon the fol-
lowing case stated ;—

    " In this cause it is agreed that judgment shall be entered
" for plaintiff, for the penalty of $10, provided the court should
" be of opinion that the magistrate had jurisdiction of said
" action.   The plaintiff and defendant, and the magistrate,
" who tried said action, were, at the time of the rescue of
" the sheep, mentioned in the writ, and ever since have been
" and still are inhabitants of Barre, in said Washington coun-
" ty, in which town the offence was committed.   The magis-
" trate, who tried said action, was, at the commencement
" and trial of said action, a rated inhabitant of said Barre.

    " This objection to the jurisdiction of said magistrate was
" taken before him on trial of said cause.

    The county court rendered judgment for the defendant,
to which the plaintiff excepted.

    *N. Kinsman,* for plaintiff.

    The decision in the case of *State* v. *Batchelder,* 6 Vt.
R. 479, settles the present case in favor of the jurisdiction
of the justice.   In that case the fine accrued to the town,
by reason of the defendant's violating a statute law of this
state, and, in the present case, the fine accrued by the de-
fendant's violating another statute law of this state.

    Although there are different modes of collecting the pen-
alty in the two cases, still the offences committed in the two
cases are similar, and, in their nature, the same.   In the
present case the offence complained of by the plaintiff, is,
in its nature, criminal.   The statute, page 124, says, "that
every justice of the peace is empowered to hear, try and de-
termine all pleas and actions of a criminal nature."   The
plaintiff insists that this action is of a criminal nature, and,

WASHINGTON, that one half the penalty goes to the town, can be no ob-
March,
1838.      jection to the jurisdiction of the magistrate.    His interest is
—————      too remote, to operate as an objection to his trying the
Waters *qui*
tam      case.    See 12 Mod. 669.    5 Mass. R. 90.
*v.*
Day.          *L. B. Peck*, for defendant.

There is a broad and clear distinction between the case of
the *State* v. *Batchelder*; on which the plaintiff mainly relies,
and the present case.    That was a *criminal* prosecution,
instituted by a public officer, while the present case is a
civil *suit*, in which the justice is interested.    It was on this
distinction, that *Batchelder's* case is understood to have
turned.    The court regarded that part of the 23d section
of the act of 1797, which provides that " no justice of the
peace shall take cognizance of any cause, when he shall be
directly or indirectly interested in the cause or matter to be de-
termined," as applicable only to civil actions, and not exten-
ding to criminal prosecutions.    The present case is clearly
within the letter and spirit of the statute, and the very ques-
tion now under discussion is said to have been so decided,
some few years since, in Grand Isle county.    The jurisdiction
of the justice is not to be sustained, either on principle or
authority.    *Hawkes et al.* v. *The Inhabitants of Ken-
nebeck*, 7 Mass. R. 461.    *Pearce* v. *Atwood*, 13 Mass. R.
324.    *Hill* v. *Wells* 6 Pick. 104, 9.

The opinion of the Court was delivered by

COLLAMER, J.—The jurisdiction of justices, in criminal
cases is, by our statute, confined to those cases where the
fine does not exceed seven dollars ; and no exceptions are
made, as to *interest*.    In criminal prosecutions, all courts
are in some degree pecuniarily interested, in the penalties,
inflicted by way of punishment.    It is matter of necessity
for the police and public safety that, in relation to criminal
jurisprudence, such incidental interests should be disregar-
ded.    The fines, in such cases, are not the *subject* or *object*
of the prosecution ; they are but the ultimate consequence
or incident, and are inflicted for punishment, correction
and example.    The statute provides, that if any person
shall profanely swear, in the presence of a justice, in the
execution of his office, such justice is to convict him, with-
out further proof, and make a record.    This fine would go
into the town treasury, yet, clearly, that would not deprive

the justice of this power in his own town.	All this was fully
settled in the case of *State* v. *Batchelder*, 6 Vt. R. 479.

In civil cases no such necessity exists ; and the action, and
its whole object, is the recovery of the debt or demand sued
for.   Hence, the statute provides that, "no justice shall
take cognizance of any cause, where he is within the fourth
degree of affinity or consanguinity to either of the parties,
or shall be  directly or  indirectly interested in the *cause* or
*matter* to be determined."	All this clearly applies only to
*civil causes*.   It implies two parties, both capable of relation-
ship.   Interest in the *cause* or *matter* cannot apply to a
question of criminality ; that is, whether the respondent is
guilty of a breach of the peace, or a petit larceny, in which
there is no pecuniary interest.   The only question then re-
maining is,—is this a *civil  action?*	That it is so, is clear
from the following considerations.   The form of the process
is a *writ*, not a *warrant*.   The defendant appears *by attor-
ney* and must plead *in writing*.   *Depositions* may be used,
on the trial.   The judgment must be enforced by *execution*,
not by *warrant* or *mittimus*.   Justices have jurisdiction to
one hundred dollars.   *Putney* v. *Bellows*, 8 Vt. R. 272.
The plaintiff in this cause  has sued for over seven dollars,
before a justice, and he, therefore, cannot insist that this is
a criminal prosecution.

This, then, was a *civil action*, and had for its object the
recovery of a debt of ten dollars, one half of which was
for the town of Barre, of which the justice was a rated in-
habitant, and so was *interested in the matter to be deter-
mined*.   By the statute he was disqualified, and therefore,
for want of jurisdiction in the justice, this action is

Dismissed.