THE TOWN OF JAMAICA v. THE TOWN OF WARDSBORO AND THE TOWN OF TOWNSHEND.*

*Highways.* Jurisdiction of the County Court under § 65, ch. 24, of the Gen. Stat.

Under § 65, ch. 24, of the Gen. Stat. (which provides that, "when any town shall deem itself oppressed by being required to build, make, or put in repair, any bridge or road, located or laid out by the county or supreme court, in or through such town, which is evidently for the accommodation of other travel than that of the inhabitants of such town, the selectmen of such town may make application to the county or supreme court, for remedy"), the county court has jurisdiction to appoint commissioners, and compel towns benefited by a road already laid out and built, to contribute to the expense of maintaining and keeping the same in repair.

THIS was a petition under § 65, ch. 24, of the Gen. Stat. The allegations of the petition are fully stated in the opinion. The defendants moved to dismiss the petition, for reasons apparent upon the face thereof, and because the county court had no jurisdiction to appoint commissioners according to the prayer of the petition. The court, at the September term, 1871, Ross, J., presiding, dismissed the petition; to which the petitioner excepted. At this term, the petitioner preferred his petition to this court for a writ of *mandamus;* and the exceptions and petition were heard together.

* This case was decided at the February term, 1872.

*Waterman & Read,* for the petitioner, cited Gen. Stat. 185, § 65 ; *Pomfret* v. *Hartford,* 42 Vt. 134 ; *Wardsboro et al.* v. *Jamaica,* 27 Vt. 470.

*Charles N. Davenport,* for the defendants, cited Gen. Stat. ch. 25, § 1 ; *Pomfret* v. *Hartford, supra.*

*A. Stoddard,* for the town of Townshend, cited Gen. Stat. ch. 24, § 65 ; *Hutchinson et al.* v. *Chester,* 33 Vt. 410.

The opinion of the court was delivered by

ROYCE, J. The town of Jamaica brought a petition against the defendant towns, returnable to the September term of Windham county court, 1871, setting forth that on the 4th Tuesday of September, 1848, a highway was laid out in said town by a committee appointed by the county court ; that the report of the committee was accepted, and the town was ordered to make the highway, and that they had made it, and had ever since kept it in repair ; that said highway is mostly used by the inhabitants of the defendant towns, is but little used by the inhabitants of Jamaica, and is evidently for the accommodation of the travel of the defendant towns; and that the town of Jamaica deemed itself oppressed by being required to put and keep in repair said highway ; and praying that the defendant towns might be ordered to pay their just proportion of putting and keeping it in repair.

The defendant towns moved to dismiss the petition, for reasons apparent upon the face of the petition, and because the court had no jurisdiction to appoint commissioners. The court dismissed the petition upon said motion, allowed exceptions, and passed the cause to this court. The town of Jamaica also brought a petition for a writ of *mandamus,* returnable to this term, and both cases were heard together.

Whether the court erred or not in dismissing the petition, must depend upon the construction to be given to the act of 1847, which is embraced in § 65, ch. 24, of the General Statutes. The language of the statute is : " When any town shall deem itself oppressed by being required to build, make, or put in repair, any

54

bridge or road, located or laid out by the county or supreme court," &c. It is claimed by the defendant towns that this statute has reference, and is only applicable to, cases where some new requirement is made upon the town, and does not apply to the ordinary repairs which towns are obliged by law to make upon their highways. But we do not think the statute should be so construed; but that the word *put*, as it is used in the statute, is synonymous with *keep*; and when it is thus used, there can be no doubt what is meant by it. The legal obligation of towns is fulfilled if they *put* their highways in repair when repairs are required; and if this is done, they are *kept* in repair. It is the duty of courts so to construe statutes as to meet the mischief, and advance the remedy. Previous to the act of 1847, the whole burden of building and maintaining highways, was thrown upon the towns in which they were situated, regardless of the benefits derived by inhabitants of adjoining towns; and to remedy this, that act was passed. We think the intention of this statute was, to provide a way by which towns once in five years might compel an equitable distribution of the burden of building and maintaining such highways and bridges, among towns whose citizens are benefited by them; and this, we understand, is the construction which was put upon the statute in *Pomfret* v. *Hartford*, 42 Vt. 134. We think the court erred in dismissing the petition; and inasmuch as no question has been made as to the manner in which the case comes here, we reverse the judgment, and remand the case to be proceeded with in the county court the same as if the motion to dismiss had not been interposed; and the petition for a writ of *mandamus* is dismissed, without costs and without prejudice.