THE TOWN OF JAMAICA *v.* THE TOWNS OF WARDSBORO AND TOWNSHEND.

[S. C. 45 Vt. 416.]

*Highways. Proceedings under § 65, Ch. 24, of the Gen. Sts.*

In a petition under § 65, ch. 24, of the Gen. Sts., the commissioners found that the road in question was about three miles long, difficult and expensive to maintain, and much out of repair; that from 1868 to the time of hearing in 1872, the plaintiff town had expended thereon only the amount of highway tax required by law, except in 1869, when it expended $500 in addition, and 1871, when it expended $80 in addition; that four other roads in the plaintiff town, led into said road, and were but little travelled, except by those living thereon, who used the road in question in going to the defendant towns and places beyond, and to whom said road was the most feasible, and to most of them the only route to the places named; that upon the road in question, four families lived, to whom the road was a necessity; that one of the defendant towns was benefited by the road in question, and that the plaintiff would be excessively burdened by being required to put and maintain said road in repair; and apportioned to such defendant a certain per cent. of the expense of repairing the same. *Held*, that the county court had lawful authority on such report, to assess such defendant according to the report.

The statute has made no provision for the appointment of a commissioner to expend such assessment.

THIS was a petition under § 65, ch. 24, of the Gen. Sts., to compel the defendant towns to contribute to the expense of putting a certain highway in the plaintiff town, laid out by the county court, in repair. The commissioners made the following report:

" We find that the highway in question was laid out and established as set forth in said petition, and is wholly in the town of Jamaica, and is about three miles in length. It crosses West River, over which there has been maintained and now is, a covered bridge 229½ feet in length, and from thence follows up a stream called Mill Brook, to the north line of Wardsboro, which is not far from the village of North Wardsboro. It is a some-

what difficult and expensive road to keep in repair, and is now much out of repair. The bridge needs to be shingled. It will require quite a large sum of money to put said road and bridge in good repair, so as to reasonably well accommodate the travel over the same. This road is on the line of a stage and mail route extending from Bellows Falls to Arlington. There is considerable travel and freighting over it. Quite a large portion of the travel and freighting is to and from the town of Wardsboro. There are but few families living on the line of this road in Jamaica, and but a small portion of the travel is by the inhabitants of Jamaica. We find that said road and bridge benefit said town of Wardsboro, and that the town of Jamaica would be excessively burdened by being required to put and maintain the same in good and sufficient repair wholly at their own expense ; we therefore apportion to said town of Wardsboro, to be paid by said town, forty per cent. of the expenses of putting and keeping in repair said highway and bridge. This highway and bridge are some benefit to the town of Townshend, and there is some travel over it by the people of Townshend, but not to an extent, in our opinion, to justify an apportionment of any part of the expense of putting and keeping the same in repair to said town.

"At the request of counsel, we report the following additional facts. The town of Jamaica, in 1872, up to the time of the hearing, had expended nothing on this highway and bridge, save the ordinary highway tax raised as required by law. In 1871, it expended in addition to the amount of highway tax as required by law, about eighty dollars. In 1870, the town expended something more than the ordinary highway tax, but not much. In 1869, the town expended, including the ordinary highway tax, about five hundred dollars on the road and bridge. In 1868, nothing more was expended than the ordinary highway tax. There are in the town of Jamaica four roads leading into the road in question. The first is the ' new road ' so called, and connects with the road in question at a point near said bridge across West River, and passes up towards Jamaica village on the south side of the river, and connects with another road leading from Jamaica village to Townshend on the north side of the river, at a point near another bridge across the river. The road with which the ' new road ' connects at the last named point, is the old road from Jamaica village to Townshend, and is the route for travel that has long been and now is used between the two towns. The ' new road ' was made by Jamaica in 1869, in consequence of the last named bridge having been washed away by the freshet, and was made to accommodate the travel that was accustomed to go

over the old road while the bridge was being rebuilt. The bridge has been rebuilt. There are on the ' new road ' two or three families that use the road in question to go to Wardsboro and Townshend, and points beyond these towns. The second is known as the ' Densmore road,' and extends from the road in question up on to the hills in Jamaica, and upon which there are three families. The third is the ' Watson road,' leading up on the hills in Jamaica, upon which there are two families. The fourth is the ' Fisher road ' leading up on the hills of Jamaica, upon which there are two families All these roads connecting with the road in question, are travelled but little, save by the people living on them, and the road in question is used by them in going to Townshend and Wardsboro, and to places beyond these towns, and is the only feasible route, and to most of them is the only route, to the places named. It is the only feasible route from the village of West Townshend to North Wardsboro, which is the principal village in Wardsboro. There are on this road four families in the town of Jamaica, and to them this road is a necessity in going to Wardsboro, Townshend, and places beyond these towns, and is the only route for them to Jamaica village. The stream along this road passes quite near it the whole distance, and in the past, in high water, has frequently caused serious damage to the road, and it is likely to do so in the future. There are clay banks along the road, from which slides of clay frequently come down upon it, requiring quite an outlay to remove them and repair the road.

" By further request of counsel, we find that there are roads that the inhabitants of Wardsboro could use in going to East Townshend, Newfane, and Brattleboro, other than the road in question. The road to East Townshend referred to, is of steep grade, and is not, and cannot be made, sufficiently good to well accommodate the travel between the two towns. The other road spoken of to Newfane, is five or six miles shorter than by way of the road in question, but is of steep grade a considerable portion of it, and during the winter season, the snow drifts in it so as to make travelling over it quite difficult, and especially so for the heavy freighting, of which there is quite a large amount to and from Wardsboro and Brattleboro. In the fall and spring, this other road is quite muddy. The road in question is of good grade, and quite free from drifting snow and mud, as compared with the hill road to East Townshend, and the other road spoken of to Newfane, and is the best and natural outlet for travel from Wardsboro to Townshend, Newfane, and Brattleboro, and places

beyond those towns, and especially for heavy freighting, when in good state of repair."

The court, at the September term, 1873, BARRETT, J., presiding, accepted the report, and ordered the town of Wardsboro to pay the forty per cent. named therein ; to which said town excepted. Said town thereupon moved that the court appoint a commissioner to expend said forty per cent.; but the court overruled the motion, and refused to appoint such commissioner, not as matter of discretion, but upon the ground that the statute conferred no authority upon the court to make such appointment ; to which said town also excepted.

*C. N. Davenport* and *J. G. Eddy*, for Wardsboro.

Upon the facts found and reported, no part of the expenses of maintaining the road and bridge described in the petition, should be borne by Wardsboro. It appears that the road is about three miles long, to which four other roads, all in Jamaica, are tributary. Upon the road itself, there are four families who have no other means of communication with the outer world. Nine or ten other families in Jamaica, upon roads which extend from this one " up on the hills of Jamaica," have no means of getting to and from the towns named in the report, without using this road. We have, then, fourteen families in Jamaica to whom this road is a necessity, and to nearly all of them absolutely indispensable. On the other hand, there is not a family in Wardsboro to whom this road is a necessity. The most that can be claimed by Jamaica is, that it is a convenience to a portion of the inhabitants of Wardsboro. Again, the report does not show that anything beyond the ordinary and usual repairs are necessary in this case. Aside from the year 1869, when the great freshet made extensive repairs necessary on all highways in this county, and when it appears $500 were expended on this road and bridge, only $80 beyond the highway tax required by law, have been expended since and including 1868. If anything more than the usual and ordinary repairs is necessary, it is the result of the plaintiff's own wrong and neglect in not taking proper care of

this road ; and for that it is neither just or politic that Wardsboro should be compelled to answer.

The liability of one town to contribute to the expense of maintaining the roads and bridges in another town, is one of strict right, created by statute, and only to be enforced when a case is presented which comes within a just and fair construction of the statute. Gen. Sts. ch. 24, §§ 58, 65 ; *Pomfret* v. *Hartford*, 42 Vt. 134 ; *Jamaica* v. *Wardsboro and Townshend*, 45 Vt. 416. Public policy requires that the rights and liabilities of towns under this statute, and the limitations of their rights and liabilities (if there are any outside the discretion of the commissioners appointed to administer the statute), should be defined.

It seems to us entirely clear, that the statutes of Vermont make it obligatory upon every town, to keep all highways and bridges within its boundaries, in good and sufficient repair at its own expense, at all seasons of the year, save when two special emergencies concurrently intervene, which are : 1st, when a highway " is evidently for the accommodation of other travel than that of the inhabitants of " the town in which the highway is located, and where it shall be made to appear that some other town will be " particularly benefitted," in the language of the 58th section, or, in the language of the 65th section, " may derive special benefit " from such highway ; and 2d, when it shall appear that the town in which the road is located, " would be excessively burdened," &c. The report in this case does not show that Wardsboro is " specially benefitted " ; nor does it show any facts from which the inference can be deduced, that Jamaica is " excessively burdened."

If Wardsboro is liable to contribute, a commissioner should be appointed to expend the money. Acts of 1868, No. 9. It is true that the case at bar is not within the letter of the act, but it is within the spirit. The mischief exists in this case which that statute was designed to correct.

*Waterman & Read*, for the plaintiff.

The facts set forth in the report show sufficient grounds for the decision of the commissioners, and the report being the only evi-

dence before the court, they could not do otherwise than make the order accordingly, if the matter was properly before them. It was properly before them. It is a proceeding authorized by statute ; the commissioners had proceeded properly and legally. Proceedings of this kind have been sanctioned by this court. Gen. Sts. ch. 24, § 65 ; *Pomfret* v. *Hartford*, 42 Vt. 134 ; *Jamaica* v. *Wardsboro et al.* 45 Vt. 416. The statute having constituted the commissioners a board to find the facts and report to the court, and given the court discretionary power to accept or reject the report, their decision cannot be revised in the supreme court. The order is the judgment of the court upon the facts found by the commissioners, and cannot be revised here, unless in point of law the court could not have rendered such a judgment. *West River Bridge Co.* v. *Dix et al.* 16 Vt. 446 ; *Paine* v. *Leicester*, 22 Vt. 44 ; *Gallup* v. *Woodstock*, 29 Vt. 347.

The statute does not authorize the appointment of a commissioner to expend money assessed in a case like this. *Hutchinson et al.* v. *Chester*, 33 Vt. 410.

Under the statute allowing exceptions in road cases, no judgment should be reversed " unless the supreme court would have granted a writ of *certiorari* for the same cause." Laws of 1872, No. 38. The granting of *certiorari* is discretionary with this court, and will not be granted unless the substantial justice of the case requires it. *Myers et al.* v. *Pownal*, 16 Vt. 415 ; *Paine* v. *Leicester*, *supra ; Rockingham and Grafton* v. *Westminster*, 24 Vt. 288.

The opinion of the court was delivered by

REDFIELD, J. It has been determined by this court in this case, 45 Vt. 416, that such proceedings are authorized by the act of 1847, § 65, ch. 24, Gen. Sts. The county court had, therefore, *jurisdiction* of this petition. Whether the facts warranted an order of contribution upon the defendant towns, was a matter solely for the county court, if such facts were of the *kind* for which the statute provides. The report states " that said road and bridge benefit said town of Wardsboro, and that the town of Jamaica would be excessively burdened by being required to put

and maintain the same in good and sufficient repair." Many other special facts, tending to show the greater benefit to the people of Wardsboro than of Jamaica, in maintaining this road, are stated. We think the court had lawful authority, in this respect, to make an assessment. Whether the judicial power was exercised with the wisest *discretion*, in apportioning such expense, is not a matter that is before us.

II. The statute has made no provision for the appointment of a commissioner to expend the money to be contributed by Wardsboro ; and we think there was no error in the refusal of the court to appoint such commissioner.

Judgment affirmed.