### JOSEPH MYERS AND OTHERS v. TOWN OF POWNAL.

Under the Revised Statutes a petition by a land owner, for the re-assessment of damages awarded by a committee appointed by the county court to lay out a highway, need not be served upon the town within sixty days from

the time fixed by the court for opening the road to be worked; it is suficient, if served within sixty days from the time the road is *actually opened* to be worked.

It is not a matter of course to grant a writ of *certiorari*, although there may be error in the proceedings of the inferior tribunal; if no injustice have been done, the motion will be denied. WILLIAMS, CH. J.

THIS was a petition for the re-assessment of damages awarded by a committee appointed by the county court to lay out a highway in the town of Pownal. The report of the committee laying out the road was accepted, and the town was ordered to open the road to be worked by a time specified. This petition was not served upon the town within sixty days after that time, but was served within sixty days after the time when the town actually commenced working upon the road. At the term at which the petition was entered in the county court a committee was appointed, without objection on the part of the town. At the succeeding term, the committee having made their report, awarding a larger sum as damages than had been assessed by the prior committee, the town moved to dismiss the petition, on the ground that it was not served within the time required by statute.

The county court overruled the motion to dismiss, and accepted the report of the committee, to which the defendants filed exceptions. And now the defendants pray for a writ of *certiorari*, that the proceedings of the county court may be revised by this court.

*P. Isham* for the town.

The Revised Statutes, p. 133, § 47, provide that all petitions of this character shall be commenced "previous to the expiration of sixty days after such highway shall be laid open to be worked." The 44th section of the same chapter directs the manner of ascertaining the precise time when the road is thus laid open, for it provides that the court shall, by their order, fix the time when the lands shall be opened for working such highway. And section 14 provides for the recording of such order in the town clerk's office, that thus notice may be given.

The expression " laid opened to be worked" manifestly refers to this time, and not to the removal of obstructions, or the time when they actually commence working upon the road.

Under the former statute all petitions for re-assessment of damages were required to be commenced within sixty days after the "opening of the road." This expression was construed to refer, not to the removal of obstructions to travel, nor to the actual making of the road, but to the time of lodging the certificate with the town clerk. *Emerson* v. *Reading*, 14 Vt. 279 ; *Warren* v. *Bunnel*, 11 Vt. 600. So, under the Revised Statutes, such petitions must be commenced within sixty days from the time specified by the order of the court for the opening of the road for working, and not from the time they commenced making the road.

*Hall and Lyman* for the land owners.

I. The objection now taken should have been made to the appointment of any committee to re-assess the damages. By submitting to the appointment, and taking the chance of a lower assessment than the first, the town have waived their right to raise this objection.

II. The proceeding of the land owners was commenced in due time.

1. The words of the statute [ Rev. St. p. 133, § 47, ] cannot have any application, but to the actual opening of the road. If the legislature had intended the time fixed by the court for opening the road, it would have been so expressed.

2. This construction is strengthened by comparing this section with the 16th section, where, in case of a road laid by the selectmen, the time limited for the application of a land owner for the re-assessment of damages is, " sixty days after the highway shall be opened to be worked ;" which words, in this section, can only apply to the actual opening of the road,—the statute not having provided that the selectmen shall previously fix any time for its being opened. Rev. St. 126, § 16.

3. The object of the 47th section, which was to give the land owner a fair opportunity of obtaining a just compensation for his damages, is best answered by this construction. Indeed the object may be defeated by any other.

The opinion of the court was delivered by

WILLIAMS, Ch. J. It is not a matter of course to grant a writ
53

Myers et al. *v*. Pownal.

of *certiorari*, although 'there may be error in the proceedings of the inferior tribunal, and it was refused in a case in Windsor county, although the court thought the magistrate might have mistaken the law, as no injustice was done.  The court should be cautious in reviewing the proceedings of an inferior magistrate, and not be overwise, or hypercritical.

In the exercise of that discretion, which we always should exercise in cases of this kind, we cannot overlook the consideration that no objection was taken to the appointment of the committee.  It would have been a fatal objection to such appointment, if the petition was preferred too late.  Nor can we disregard the fact that no injustice has been done, inasmuch as Mr. Myers has only had the benefit of a second appraisal, which it was intended by the statute he should have.  We are, moreover, of opinion that no error intervened in the proceedings of the county court.

It appears the road in question was laid and established by the county court at their June term, 1840, and the north half of the road was ordered to be made and opened by the 13th of June, 1841, and the south half in six months thereafter.  Their proceedings, so far, were before the Revised Statutes came into operation.  The road was not completed, or opened, by the time ordered; and, on petition of the selectmen, at the June term of the county court in 1841, the time for making the road was extended four months from the rising of the court.  The court rose the 11th of June, 1841.  The petition of Myers for a new assessment of the damages was not prayed out and served within sixty days from the time fixed by the court for opening and completing the road, but within sixty days from the time the town commenced working the road.  There is certainly a difference between the time when a road is ordered to be laid open for work, and when, in point of fact, it is opened.  The time when a road is ordered to be completed may be extended from time to time, and it may in fact be discontinued; of which the owner of the land, may not be apprised.  He sustains no injury, until he in fact is compelled to remove his fences, &c., or the selectmen commence working.  The road is not in point of fact laid open to be worked, until there is the act, either of the owner, or the selectmen, or both, manifesting that the work is commenced.

It appears to us, therefore, that the county court took a correct

view of the statute, in saying that the sixty days limitation should commence from the time that the road was in fact laid open to be worked, and not from the time when it was ordered to be opened. On reference to the 16th section of the statute, in relation to roads laid by selectmen, we find a similar provision as to procuring a committee to assess damages, and the same limitation of "sixty days after the highway shall be opened to be worked." This must refer to the time when they in fact commence their labor, as no other time is to be fixed for opening the road to be worked. Although there are plausible reasons for a different construction of the statute, under which these proceedings are had, yet we think the county court were right in their views. At any rate, we do not think proper to grant the *certiorari* to quash their proceedings. The petition for a *certiorari* will therefore be dismissed.