### West River Bridge Co. *v.* Joseph Dix and Others.

On an application for a writ of *certiorari*, it rests in the discretion of the court whether to grant or refuse the writ, even though error, but not affecting the substantial justice of the case, may have intervened.    But, if the writ be granted, and any error be found in the proceedings of the county court, their proceedings must be quashed.

West River Bridge Co. *v*. Dix et al.

On a petition to the county court for the laying out of a public highway, questions in reference to the assessment of damages, and as to whether the public good required a road, rest solely in the discretion of the county court, and cannot be revised by the supreme court on *certiorari*.

The franchise of a bridge corporation may be taken for a public highway, under the statute of November 19, 1839, as well as the franchise of a turnpike company.

Motion for a writ of *certiorari*, for the re-examination and revision of the proceedings of the county court on the petition of Dix and others for a public highway. The writ was granted, and the case came on for a hearing upon the facts appearing upon the record.

It appeared that the petitioners were, by an act of the legislature passed Oct. 16, 1795, constituted a body politic and corporate, to continue for the term of one hundred years, with the exclusive privilege of erecting and continuing a bridge over West River in Brattleboro, and of taking a certain toll for crossing the same. That the corporation became duly organized, and caused the bridge to be built within the time and at the place prescribed by the act, and kept the same in repair and took tolls, and in all things conformed to the requisitions of the act.

At the September term of the county court, 1843, the defendants, Joseph Dix and others, preferred their petition to the court, setting forth that the highway crossing said bridge was a subject of complaint on account of its location, and that the bridge in question was a grievance to travellers and the inhabitants of the towns in the vicinity ; and praying that commissioners might be appointed to re-survey said road, and also to take the real estate, franchise and easement of the Bridge Co., for the purpose of making a free road and bridge across the river at that place. The commissioners made their report to the county court, making some alterations in the road, and setting forth that they were of opinion that the public good required that the real estate and franchise of the corporation should be taken, and compensation made therefor, which compensation they assessed at the sum of $4000. The real estate of the corporation consisted of two acres of land, and a covered bridge, gate, toll house, barn and other buildings thereon.

The county court accepted the report of the commissioners. The corporation, in their present petition, set forth that the franchise was taken without due notice to them, and that it did not sufficiently appear that the public good required that the franchise should be taken ; but, from the decision of the court, it becomes unnecessary to detail the facts in that respect,—the main question being in reference to the constitutionality of the statute of Nov. 19, 1839, [ Rev. St. 553,] and its applicability to the present case.

*W. C. Bradley* and *J. D. Bradley* for plaintiffs.

The West River Bridge Co. object to the proceedings of the county court in this case, and claim that the franchise of the company was held by the grant of the state, and was a solemn contract between the state and the grantees during the time therein mentioned,—that the constitution of this state contemplates the assent of the legislature, on behalf of the freemen, to contracts for the purpose of obtaining private property for public use,—that the corporation have advanced money for such use,—that the state has guaranteed to them therefor the privilege of assessing tolls to a certain extent for their remuneration,—and that this privilege is pure franchise.

That, at any rate, it was a contract within the meaning of the prohibition of the constitution of the United States against state legislation impairing the validity of contracts. That, being granted by the legislature, it could not be taken away without some specific action of that body, or by the intervention of a jury at common law.

That, at least, some adequate cause for taking ought to appear.

That, if acts can be done under the statute, which are clearly constitutional, it shall not be extended to such as are not so ; and if, where the franchise is annexed to land, which is necessary for purposes of public highways, it might be taken, still the right does not extend to franchises not so annexed.

That mere bridge corporations are not intended by the statute in any case, and if so, not where they have no new, direct connection with the contemplated road. That it is only in cases where the public can take for *public use* the lands owned by the corporation, that the statute is intended to apply,—because the franchise is not to be taken but where the right is given to take land. For what

West River Bridge Co. v. Dix et al.

public use can the two acres and buildings, &c., be said to have been taken by the commissioners ?

*Kimball* and *Kellogg*, for defendants, contended that the statute of 1839 was constitutional and valid, and that the proceedings in the case had been conformable to law.

PER CURIAM. This is a motion for a writ of *certiorari*, which the court, by favor, and in order to enable the plaintiffs to place their case in the most available shape for carrying it by writ of error to the supreme court of the United States, have allowed, reserving the hearing and decision of all questions, arising in the case, until the coming in of the record of the county court.

This mode of proceeding will doubtless give the plaintiffs one advantage, to which they would not otherwise be entitled; that is, if now, upon inspection of the record and proceedings of the county court, error appears, the court *must* quash the proceedings,—whereas, on the application in the first instance, the court have a discretion whether to grant the writ, or not, even in a case where formal error has intervened. Hence, if the error is not one affecting the substantial justice of the case, the writ has uniformly been denied. But, the writ having been granted in this case, and the record being now before the court, it must be decided whether error has intervened, or not.

The questions in regard to notice to the corporation of the assessment of damages, and whether the public good required a free road, rested solely in the discretion of the county court. The latter was one of fact merely, and can no more be revised by the supreme court than can the amount of damages assessed for the franchise.

Upon the main question, whether the county court could take the franchise, we think the case comes within that of *Armington* v. *Barnet et al.*, 15 Vt. 745. Most of the arguments urged here would have applied equally well to that case. And the attempt to distinguish the two cases in principle, although ingenious, is a failure.

1. That was not a *new* road, except as it became *new* by being made a *free* road. 2. That was equally a *franchise* with this. 3. That franchise was no more inherent in the land over which it ex-

tended, than in this case. The turnpike corporation owned no land, whereas this corporation owned two acres, which was taken; so that, in that respect, the case was most favorable to the turnpike company. 4. The legislature had expressed no more assent to the taking of the franchise in that case, than in this. There was a conditional assent in all similar cases,—that is, if the public good required it to be taken. 5. The question of the necessity of taking the franchise in that particular case was before *this* court in that case; in this case that question was before the county court;—but, having been decided by the proper tribunal, it is the same as if it had been determined by this court. 6. The terms of the statute extend equally to this corporation as to a turnpike corporation. The words are, " any easement or franchise of any turnpike or other corporation,"—intending, doubtless, to reach the very case of *bridge* corporations. 7. The fact that the corporation owns a few acres of land, more or less, can make no difference.

It is therefore adjudged that there is no error shown to the court or apparent upon the record and proceedings of the county court.