Town of Pomfret *v.* Town of Hartford.

*Certiorari. Bridges. Towns. Statute. (Gen. Sts., ch. 24, § 65.)*

The issuing of the writ of *certiorari* is a matter of discretion with the supreme court; hence it will first look into the record of the proceedings complained of to see if there is any substantial error therein, such as requires the interposition of the supreme court to prevent a legal injustice, as it is not every error in the proceedings below that will induce this court to exercise its discretion and issue the writ.

The statute, (Gen. Sts., ch. 24, § 65,) which confers upon the county court power to compel other towns than the one in which a particular bridge or road is located, to contribute to the expense of building or repairing the same, is prospective, and refers only to expenses that are to be incurred subsequent to the order. An order therefore by the county court upon a town in such case, to contribute towards past expenses, would be error that requires the interposition of the supreme court by *certiorari*.

The county court might have accepted the report as to future expenses and rejected it as to past, and by consent of counsel this case was disposed of on the record being certified up, by vacating the order requiring contribution as to the sum expended in the building of the bridge in question, and allowing it to stand as to future repairs.

The opinion of the court was delivered by

PIERPOINT, C. J. This is a petition for a *certiorari* to bring into this court the records of a proceeding in the county court, in which an order was made under section 65 of chapter 24 of the General Statutes, requiring the town of Pomfret to pay a certain specified proportion of the expense which the town of Hartford had before that time incurred in the construction of a bridge across White River in said town of Hartford, and also to contribute a like proportion towards the future repairs of the same; the town of Hartford being required by law to build and maintain said bridge, and it appearing that said town was oppressed thereby; and the inhabitants of Pomfret thereby accomodated.

Whether this court will issue a writ of *certiorari* is a matter of discretion; hence the court will first look into the record of the proceedings complained of to see if there is substantial error therein, such as requires the interposition of this court to prevent a legal injustice. It is not every error in the proceedings that will induce the court to exercise its discretion and issue the writ. It should appear that some substantial wrong or injustice has been done, because when the writ issues and the record is brought before us by that proceeding, we have no longer any discretion in the matter, but must then proceed according to the strict rules of law, although the errors may be purely technical, and it may be apparent that greater injustice would result from setting aside the proceedings than from sustaining them.

It is objected to the proceedings in the county court, that it was error to require of the town of Pomfret the payment of a portion of the amount that had already been expended in the erection of the bridge; that the power of the court, under the statute, is limited to expenditures to be incurred in the future, and not to such as have already been made. If this construction of the statute is correct, then it must be conceded that there was substantial error in the proceeding of the county court, because it imposed upon the town of Pomfret the obligation to pay a large sum of money which the court had no power to require of them. Upon a careful examination of the statute, we think it quite clear that it was not the intention of the legislature to confer upon the

county court the power to compel other towns, than the one in which a particular bridge or road is located, to contribute to the expense of building or repairing the same that has already been incurred. The statute in its terms is prospective, evidently referring to expenses that are to be incurred. The language is, " When any town shall deem itself oppressed, by being required to build, make, or put in repair, any bridge or road, etc," not by *having* built, made or put in repair. If the legislature had intended to include both prior and future expenses, we think they would have used language clearly indicating such an intent, and in such an event we think some time in the past would have been fixed upon, beyond which the court should not go in their orders for contribution, otherwise there would seem to be no limit.

It is no answer to say that the same reasons for making the order existed at the time the bridge was built, that did at the time the order was made, and that it is just as equitable to require contribution towards past as towards future expenses. That is a consideration for the legislature, but one that we are not at liberty to regard, even in the exercise of our discretion, as the liability to contribute is one of strict right, depending solely on the statute. Independent of the statute there is no liabilty on the part of one town to contribute to the expenses of roads and bridges in another, and under the statute no such liability can be created except in the mode therein prescribed.

We think it was error in the county court to order the town of Pomfret to contribute towards the expense that the town of Hartford had incurred in building the bridge, and that the writ must issue.

As we are inclined to think that under the statute the county court might have accepted the report as to future expenses, and rejected the report as to past expenses, and have made their order accordingly, and as the counsel for the petitionees-assent that the order may stand as to future expenses, we see no reason why the case may not be disposed of, on the record being certified up, by setting aside the order requiring contribution as to the sum expended in the building of the bridge, and allowing the order as to future expenses to stand.

The record having been certified up, that part of the order relating to the building of the bridge is vacated and set aside, and the order as to future repairs allowed to stand.

*A. T. Huntoon*, and *W. Collamer*, for the petitioners.

*Washburn & Marsh*, for the petitionees.