THE TOWN OF LONDONDERRY *v.* THE TOWN OF PERU.*

*Highways. Certiorari.*

. The questions, whether a town in the vicinity of the town in which a road is laid, will be specially benefited by such road, and whether the part of the expense of building the road, which is apportioned to such town, is just and reasonable, are matters of fact, exclusively within the jurisdiction of the commissioners and the county court.

It rests in the discretion of the court to grant or refuse the writ of *certiorari*, and it devolves upon the party applying for the writ to show that injustice has been done, and that it may be remedied if the writ is awarded.

After a road has been built, so that the amount of the part of the expense of building apportioned to a town can be ascertained, the county court may order the town to pay the specific sum, and issue execution therefor.

PETITION for a writ of *certiorari*. This petition alleged, among other things, that at the June term, 1868, of Bennington county court, D. L. Kent and others, preferred their petition against the town of Peru, in said county, praying for the laying out of a public highway in said town ; that the court at said term appointed commissioners to examine and report in the premises, and continued the case to the December term, 1868 ; that at the June term, 1871, said court ordered and adjudged that the ·"town of Londonderry be assessed for the building of this road, the sum of five hundred dollars, to be paid within sixty days, or execution to issue ;" and prayed "that a writ of *certiorari*, or *mandamus*, or other appropriate remedy, in the discretion of the court, may issue, that the files and proceedings of said county court, and the records of said cause, may be certified to this court, to the end that they may be inspected, and your petitioner have such relief in the premises as to law and justice may appertain." All the other allegations of the petition are stated in the opinion.

*C. N. Davenport*, for the petitioner.

The proceedings of the county court were erroneous, in that the road was ordered to be opened and built, a commissioner appointed and authorized to expend the money necessary to build

---

* This case was decided at the February term, 1872.

the road, before it was determined that Londonderry was liable to contribute. The court should first have determined what towns, if any, should assist Peru in bearing this burden. Londonderry had a right by statute (Gen. Stats. c. 24, s. 59, *et seq.*) to appear and resist the acceptance of the report, by showing any facts relevant to the question ; and when the court deprived that town of opportunity to show the facts in support of the exceptions filed, until the road was completed, they clearly erred. No. 9, acts of 1868.

The court erred in adjudging that " Londonderry be assessed for the building of this road, the sum of five hundred dollars." Neither the commissioners or the court have a right to assess a specific sum. The commissioners' duty is to ascertain the *proportion* of the expense which each town specially benefited ought to pay ; and the duty of the county court is to accept or reject the report *as made*, and if accepted, then " such court may thereupon assess the town or towns so benefited, according to such report." That this is the correct view of the matter, will be apparent upon examination of secs. 58 to 68 inclusive, of ch. 24, Gen. Stat. ; *Rockingham et al.* v. *Westminster*, 24 Vt. 288 ; *State* v. *Williston et als.* 31 Vt. 153; 158 ; *Pomfret* v. *Hartford*, 42 Vt. 134. The last named case is a full authority to the point that such an order must be *prospective*, having relation only to expenses *yet to be incurred*, or it is illegal.

The court also erred in ordering execution to issue. The county court has no power to issue execution in this class of cases. Their duty is to determine what proportion of the expenses the contributing towns ought to bear. The town in which the road is located then proceeds to build the road, unless the court in its discretion, upon the application of some town interested as a party, shall appoint a commissioner. When built, the town, or the commissioner, may call upon the towns contributing to pay (in the language of the act of 1868) " such town's assessment in due and ratable proportions," and if the towns refuse to pay, a perfect remedy exists by suit. No. 9, acts of 1868 ; Gen. Stats. c. 24, secs. 60, 65, 67 ; *Brookline* v. *Westminster*, 4 Vt. 224 ; *Rockingham* v. *Westminster*, *supra*. Independently of the

55

statute, there is no liability on the part of one town to contribute to the expenses of roads and bridges in another. This liability is *stricti juris*, and it is the right of a town when asked to contribute, to require the statute provisions to be strictly complied with. *State* v. *Williston et als. supra; Pomfret* v. *Hartford, supra.*

There is no doubt, I apprehend, but this petition is the appropriate remedy. Its object is to bring the records and proceedings of the inferior court here for revision. Whether this is done by *mandamus* or *certiorari,* is of no importance. *Rockingham* v. *Westminster, supra; Rand et als.* v. *Townshend,* 26 Vt. 670 ; *Woodstock* v. *Gallup,* 28 Vt. 587 ; *Hutchinson et al.* v. *Chester,* 33 Vt. 410 ; *Pomfrèt* v. *Hartford, supra.*

We are aware that this court exercise a discretion in the matter of issuing writs of *certiorari* and of *mandamus,* and that it should be made to appear that some substantial wrong or injustice has been done, to entitle a party to this relief ; and we think the record shows that substantial injustice has been done in the following particulars at least :

1. In effect depriving the petitioner of its day in court, by accepting the report and procuring the road to be built before the case as to the petitioner was heard.

2. By the order that the town should pay a specific sum of $500 to defray the expenses of a road already built, instead of fixing a proportion of the expenses of a road yet to be built.

3. By wrongfully and illegally subjecting petitioner to final execution—a process hard to defend against.

4. If it be allowable for this court to consider the evidence filed in the court below, it will be found that there is not a scintilla of evidence to show that any inhabitant of Londonderry derives any benefit from the building of this road, but the contrary affirmatively appears. It is certainly not asking too much of the court to invite them to look at the proofs before they decide that substantial injustice was not done below.

All the proceedings of the court below in this case, as respects Londonderry, should be vacated and set aside.

*A. L. Miner,* for the petitionee.

This writ is never [awarded in this state to revise matters of fact. All questions of fact as to the necessity of the road, who are to be accommodated, &c., are questions exclusively for the commissioners and the county court. *Paine* v. *Leicester*, 22 Vt. 44; *Woodstock* v. *Gallup*, 28 Vt. 587. The question, whether other towns in the vicinity are to be benefited by making the road, is also a question of fact, and should be no more revised by this court than the question as to the necessity of the road. The question, whether Londonderry will be benefited by the road, is a fact settled by the commissioners and the county court.

It is claimed that the county court, in assessing Londonderry in the specific sum of five hundred dollars, instead of the one eighth of the $4,000, estimated by the commissioners, transcended the authority given it by statute. We think, by the statute, commissioners or the county court may order specific sums paid by towns in the vicinity. Gen. Stats. 186, § 67; *State* v. *Woodbury*, 27 Vt. 731. In that case, both Montpelier and Hardwick were assessed in specific sums.

In the case at bar, the commissioners estimated the whole expense of the road at $4,000, and assessed Londonderry one eighth, after hearing. The report of the agent appointed to expend the money, &c., shows that he paid for constructing the road $5,500, and that his own services and expenses were $——. So in fact the county court diminished the amount apportioned to Londonderry from one eighth the expense of making the road to one eleventh, making about $200 in favor of Londonderry. They cannot complain of injustice in this.

This court has a discretionary power whether they will order the writ to issue; and never grant it, unless the proceedings below are clearly contrary to law. *Lyman* v. *Burlington*, 22 Vt. 131; *Pamfret* v. *Hartford*, 42 Vt. 134.

The opinion of the court was delivered by

ROYCE, J. This was a petition for a writ of *certiorari*, to bring up the files and records remaining in the county court, in a proceeding in which D. L. Kent and others were petitioners, and the

towns of Peru, Dorset, Landgrove, and Londonderry were defendants. The object, purpose, and history of that proceeding, are stated in the petition, and the only evidence upon which the petitioner predicates his right to the writ, is contained therein. Counsel in argument have assumed the existence of certain facts which are not alluded to in the petition, and about which there has been no evidence. Treating the petition as true in all particulars, what is the case made? The report of the commissioners laying out and establishing the highway in question, was returned to the December term of Windham county court, 1868. The commissioners estimated the cost of making the road (exclusive of the damage to land-owners and the costs of the proceeding) at the sum of $4,000; and they also reported that, in their opinion, the town of Peru would be excessively burdened by defraying all the expense of said road, and that they deemed that the towns of Dorset and Landgrove, in Bennington county, and the town of Londonderry, in Windham county, would be specially benefited by said road; and did, therefore, apportion and adjudge that the town of Dorset should pay one fifth of the expense of building said road (exclusive of land-damages and costs); the town of Landgrove seven fortieths; the town of Londonderry one eighth; and the town of Peru the remainder. The town of Londonderry excepted to the report of the commissioners, and the grounds of exception were:

1st. That that town would not be specially benefited by the building of the road.

2d. That the portion of the expense of building said road apportioned to said town, was not just and reasonable.

The report seems to have been accepted, and the case disposed of as to all the towns except Londonderry, at the December term of the court, 1868; and as to that town, final judgment was rendered against the town at the June term, 1871.

In passing upon the question whether the writ should be awarded, the court will first inquire if any injustice has been done to the petitioner. It is not claimed but that the court had jurisdiction of the parties and of the subject-matter. The questions involved in the exceptions to the report being matters of

fact, were within the exclusive jurisdiction of the commissioners and the county court, and the judgment of the county court must be regarded as conclusive upon those questions. *Paine* v. *Leicester*, 22 Vt. 44 ; *Woodstock* v. *Gallup*, 28 Vt. 587.

We are not to assume that injustice has been done, but the burden of proof is upon the party applying for the writ to show that it has been done, and that it may be remedied if the writ is awarded. The writ is not demandable as a matter of strict legal right, for it is well settled that it rests in the discretion of the court to grant or refuse it. *Lyman* v. *Burlington*, 22 Vt. 131 ; *Pomfret* v. *Hartford*, 42 Vt. 134.

It is claimed that the court erred in ordering execution to issue against Londonderry in sixty days, if the sum assessed against said town should not be paid. It is not stated in the petition whether the highway had been built at the time the order was made or not ; but the presumption is that it had been, for if it had not, the court would not have been justified in making an order for the payment of a specific sum. Until the highway had been built, it could not be ascertained what one eighth part of the expense of building it would amount to. The court having the means whereby it could legally fix the amount which the town should pay, and having fixed it, the town is thereby concluded, and the amount having thus been rendered certain, it was competent for the court to order the ordinary process of execution to enforce its order. If the amount still remained in doubt, or subject to be litigated, it would have been proper that the town of Peru should have sought its remedy by action, as was done in *Brookline* v. *Westminster*, 4 Vt. 224.

But the order in this case had the conclusive, binding force of a judgment, and there are no such facts shown, as, in our judgment, would justify the awarding of the writ. Consequently, the petition is dismissed with costs.