BEN K. CHASE AND OTHERS *v.* THE TOWN OF RUTLAND.

*Certiorari. Highways and Bridges. Road Commissioners.*

The granting of a writ of certiorari is, in great measure, discretionary. The writ will not be granted, unless the supreme court is satisfied that the error of the county court has worked substantial injustice to the party asking for the writ. Such injustice will not be presumed—it must appear affirmatively.

One of the commissioners appointed by the county court on a petition for laying out a highway, was related to one of the petitioners within the fourth degree of affinity. *Held,* that said commissioner was not thereby disqualified.

The statute requiring such commissioners to be " disinterested freeholders," means that they shall be freeholders not *pecuniarily* interested in the establishment or non-establishment of the highway.

PETITION for laying out a highway in the defendant town. Commissioners were appointed, who decided that the highway ought to be laid out. The defendant excepted to their report, " because the commissioners, or a part of them, were disqualified by reason of being related within the fourth degree of affinity or consanguinity, to one or more of the petitioners who were most active in the prosecution of the petition ; because the commissioners were not disinterested freeholders ; because said commissioners were interested in having said highway laid, by reason of their relationship to, and intimacy with, certain ones of the petitioners who were most anxious to have said highway laid out."

The court found from the evidence, that one of the petitioners, Geo. H. Palmer, was a cousin by marriage of Warren Goss, one of the commissioners, at the time of his appointment ; that the wife of said Goss was a cousin (which was understood by the court and treated by the parties as meaning first cousin) of said Palmer, and is still living ; and that the families of said Goss and Palmer are very intimate ; that said Palmer always goes to the house of said Goss when in Brandon, and said Goss frequently stays at the house of said Palmer when in Rutland, and stayed there a part of the time during the hearing before the commissioners in this case ; that said Palmer lived at the northern terminus of the proposed highway, and was very much interested

50

therein, and that this relationship and intimacy between said Goss and Palmer, was not known to the attorneys of the defendant at the time of his appointment as commissioner. But the court, at the September term, 1874, WHEELER, J., presiding, overruled the exceptions, accepted the report, and ordered that said proposed highway be established; to all which the defendant excepted.

*Dunton & Veasey*, for the defendant.

The statute requires that the commissioners shall be " disinterested freeholders." Gen. Sts. ch. 24, § 45. The commissioner Goss was not a " disinterested " freeholder, within the meaning of the statute. *Disinterested* means *indifferent*. Webster Dict. This word is not limited in meaning as used in this statute, to pecuniary interest. *Blodgett* v. *Brinsmaid*, 9 Vt. 27. The statute disqualifying justices of the peace, and the decisions disqualifying jurors, all indicate that pecuniary interest is but one element of disqualification. This statute does not *expressly* provide what shall disqualify, as in case of justices of the peace ; if it did, the specific disqualifications would be the guide. *Batchelder* v. *Nourse*, 35 Vt. 642. But its provision is that the commissioner shall be " disinterested." The exceptions show that Goss was not disinterested. They show every element of interest as strong as they can exist, except pecuniary interest ; and the interest growing out of relationship, friendship, and intimacy, is usually stronger than any other. The minutest financial interest disqualifies. *Waters* v. *Day*, 10 Vt. 487.

Goss was disqualified by reason of his relationship to Palmer. The rule of disqualification of judges and justices on account of relationship, should apply to road commissioners. It has been held to apply to jurors, though not named in the statute. *Churchill* v. *Churchill*, 12 Vt. 661. Also to auditors, *Clapp* v. *Foster*, 34 Vt. 580, and where the relationship is through the wife of the party. The same reasons exist for applying the same rule to road commissioners. This relationship was unknown to the attorneys of the town at the time of the appointment of Goss by the court ; therefore the objection was made at the very first opportunity. It was a fraud, both on the court and the defendant, not to inform

them of this relationship at the time he was appointed.   In *Free-love* v. *Smith*, 9 Vt. 180, the court held that a person who had acted as grand juror in prosecuting for an offence before a justice of the peace, was incompetent to try a civil action brought to recover redress for the supposed criminal act.

*J. C. Baker*, for the petitioners.

The statute requires the appointment of three disinterested freeholders residing in some other town, to be commissioners, &c., Gen. Sts. ch. 24, § 45.  The whole community for whose necessities or convenience a highway is established, has an interest in it in one sense. The petitioners have no greater interest except they may be liable for costs.    Every tax-payer in town has a direct pecuniary interest. It would be intolerable if courts were to set aside the reports of commissioners in highway cases, for no other reason than that after the report was made, it should be ascertained that one of their number was related within the fourth degree of affinity or consanguinity to a petitioner, a tax-payer, or any individual of the great public for whose benefit the petition was made.    The statute only requires that the commissioners should be " disinterested freeholders."    That a man is a cousin to a person who is interested, or is very intimate with his family, does not prevent his being " disinterested " himself, in the subject-matter that comes before highway commissioners.    If he is a freeholder, residing in some other town, and has no pecuniary or legal interest in the subject of inquiry, he is a competent commissioner.    It is a familiar rule of construction, that the naming of causes of the disqualification of an officer, excludes all causes not named.    *Batchelder* v. *Nourse*, 35 Vt. 642.

The determination of the court in accepting the report of road petitioners, as well as the decision of the commissioners themselves, is a proceeding *in rem*, in which the convenience and necessities of the public are the subject-matter of inquiry, and no rights of parties are involved, as in the ordinary adjudications of courts. The court and commissioners act as a special board, or court of sessions.   There are no pleadings, issue, trial by jury, or judg-

ment, as by the course of the common law. *Adams* v. *Newfane*, 8 Vt. 271.

The judgment of the county court will not be reversed, unless this court would grant a writ of *certiorari* for the same cause. Acts of 1872, No. 38. It is not claimed that any injustice has been done in this case, nor that Goss did not act fairly, impartially, and discreetly ; and the defendant only asks a reversal, because Goss is technically disqualified to act as a commissioner. This we say is not so in a sessions proceeding. The writ of *certiorari* has uniformly been denied, unless error has been committed doing substantial injustice to the party. *Myers et als.* v. *Pownal*, 16 Vt. 415 ; *West River Bridge Co.* v. *Dix et als.* 16 Vt. 446 ; *Pomfret* v. *Hartford*, 42 Vt 134. The granting of the writ rests in the discretion of the court, and it will never be assumed that error has worked injustice, but the party applying for the writ must show it, to the satisfaction of the court. *Lyman* v. *Burlington*, 22 Vt. 131 ; *Pomfret* v. *Hartford*, *supra* ; *Londonderry* v. *Peru*, 45 Vt. 424.

In *Fairfield* v. *Hall*, 8 Vt. 68, it was held that a deputy sheriff could not serve a writ in favor of a town of which he was a rated inhabitant. This was reaffirmed in *Lyman* v. *Burlington*, *supra*, but in the latter case it was held that such interest did not disqualify a deputy sheriff from serving papers in a sessions proceeding, like the citation attached to a petition for a writ of *certiorari*, or a road petition. It has been held that jurors related to a party within the fourth degree were disqualified ; also, that a man whose wife is a first cousin to the wife of one of the parties, is disqualified to act as an auditor, but these cases were actions tried according to the course of the common law, and not in the class of cases now under consideration. *Churchill* v. *Churchill*, 12 Vt. 661 ; *Clapp* v. *Foster*, 34 Vt. 580. Whether a report of commissioners should be rejected or accepted, rests in the discretion of the county court ; and this court will not revise that discretion because they fail to see the " sufficient reasons " upon which the court acted. Gen. Sts. ch. 24, § 49.

The case does not show a relationship within the fourth degree.

The court will not presume that these persons were first cousins, even if that is a disqualification.

The opinion of the court was delivered by

Ross, J. By the terms of the statute allowing exceptions in this class of cases, the judgment of the county court is not to be reversed; "unless the supreme court would have granted a writ of *certiorari* for the same cause." Acts of 1872, No. 38, § 2. The granting of the writ of *certiorari* is, in a large measure, discretionary. Although this court may be satisfied that error has been committed by the county court, it will not grant the writ unless it is satisfied that some substantial injustice has been done by the action of that court to the party praying for the writ. Sec. 11, ch. 30, of the Gen. Sts., confers power upon this court to issue the writ of *certiorari*, and the other writs there named, only when they "shall be necessary to the furtherance of justice and the regular execution of the laws." Hence, the necessity for the party asking to have the writ issued, to show that some substantial injustice has been done by the action of the county court. This principle has repeatedly been announced by this court. *Myers et als.* v. *Pownal*, 16 Vt. 415 ; *West River Bridge Co.* v. *Dix et als.* 16 Vt. 446 ; *Pomfret* v. *Hartford*, 42 Vt. 134. This court will not assume that the irregular action of the county court has worked injustice. That fact must be made to appear affirmatively, in order to warrant this court in granting the writ and ordering the record to be certified from the county court to this court. *Lyman* v. *Burlington*, 22 Vt. 131 ; *Pomfret* v. *Hartford*, 42 Vt. 134 ; *Londonderry* v. *Peru*, 45 Vt. 424. No substantial injustice is apparent from the exceptions. It is not stated or claimed that Mr. Goss, the commissioner who is alleged to have been disqualified to act as such, acted unfairly, or with partiality, in finding and reporting that the public good required that the highway petitioned for should be laid. Neither does it appear that the public good did not require the establishment of that highway. From this failure to make it apparent that any substantial injustice could or did flow to the defendant from the

action of the county court, this court might well refuse the defendant any benefit from its exceptions.

II.   But the other question, whether the fact that a commissioner appointed by the county court to inquire into the public necessity for the establishment of the highway petitioned for, is related to one of the petitioners within the fourth degree of affinity, disqualified such commissioners from acting in the premises, is one of considerable practical importance.   It has been fully argued, and is solely relied upon by the defendant for the reversal of the action of the county court in accepting the report of the commissioners and establishing the highway.   It is a question, also, which this court has never passed upon, so far as we are informed.   Hence, we have been led to examine it, although we might have disposed of the exceptions on the other ground.   The county court in laying out and establishing highways, is performing a duty and exercising a power conferred by statute.   It is not acting in its capacity of a common-law court.   It does not proceed according to the course of the common law.   Its action in such cases is a sessions proceeding, regulated by the statute.   No declaration nor pleadings are required.   There are no parties between whom a right is adjudicated, as there are in actions at law. The adjudication of the court between the petitioners and petitionee, is not conclusive in the same sense it is between parties in actions at law.   The petitioners, notwithstanding the refusal of the court to grant the petition, can at any time renew it, and are not estopped by the former refusal of the court to grant it.   If the petition is granted, the petitionee is not barred from immediately seeking the discontinuance of the established highway.   It is true, the court would not be likely to reverse its judgment on the preference of a new petition, unless a change in the circumstances and requirements of the public in that particular, was shown.   The petitioners are private complainants, alleging that the town has failed to discharge its duty to the public, and asking that it may be compelled to discharge that duty.   The powers of the court, though involving to a great degree the exercise of judgment and discretion, are administrative rather than judicial.   It has no direct jurisdiction to decide upon contested rights between

party and party, though its decision collaterally and incidentally affects the rights of municipalities and individuals to a considerable extent. The power is conferred and the proceedings are instituted, to have the county court inquire whether the public good requires the establishment of the highway, and if so, whether the discharge of this duty belongs to the petitionee in whole or in part. The court is empowered to administer and enforce this public right, rather than to adjudicate any contested right existing between the parties. The duty of making the inquiry and of enforcing the right, might as well have been conferred upon any other body or organization as upon the county court. The petitioners' interest in having the inquiry made and the right enforced, may be greater or less than that of other members of the body politic. They have no right to have the inquiry made because it is a right which pertains to them as individuals, but because it is a right which pertains to the public, of which they constitute a part. The commissioners are officers of the court, appointed by the provisions of the statute, to aid the court in making the inquiry. Neither the court nor petitionee is concluded by the finding of the commissioners in favor of the petitioners in regard to this right. If the petitionee excepts to their report establishing the right—not in the petitioners, but in the public— to have the highway constructed, alleging that the public good does not require that the highway should be built, it is the duty of the court to make the inquiry for itself, treating the finding of the commissioners only as *prima facie* evidence of the existence of the right. In respect to its conclusiveness upon the court, there is a wide difference between the report of such commissioners and the verdict of a jury or the report of an auditor. The latter are usually conclusive in regard to the facts found. The statute prescribes no qualifications for commissioners, other than that they must be disinterested freeholders residing in some town other than the petitionee. The question is, whether in a proceeding of this nature, with the petitioners sustaining such relations to the proceedings, the commissioner Goss was disqualified by reason of his relation to one of the petitioners? Was he thereby an interested rather than a disinterested freeholder? It is not every possible

interest which will disqualify a person from acting in that capacity. It is not contended that such relation to a tax-payer of the petitionee, would disqualify a person from acting as commissioner. The interest of such tax-payer in the proceeding would be too remote. It would not be so directly involved in the determination of the right, that it would work a disqualification of a person related to him, from acting as commissioner.

It is evident the legislature did not contemplate that such relation to a tax-payer, should work a disqualification. It would be very difficult, not to say impossible, to select commissioners so as to avoid any relation to every tax-payer of the defendant town. But the petitioners are no more interested in, or bound by, the proceedings, than any tax-payer of the defendant town, except in the costs. As a wholesome restraint against the presentation of unfounded petitions, the petitioners are made liable for costs if the petition fail. The town is also liable for costs if the petition prevail, and for the expense of building and maintaining the highway in whole or in part. The property of any tax-payer may be taken to satisfy the judgment against the town for the costs. The difference between the interest of a petitioner and that of a tax-payer in the defendant town in such proceedings, is only one of degree or amount. It is difficult, in principle, to distinguish them, or to see any good reason for holding that such relation to a petitioner should disqualify, and to a tax-payer should not. In strictly judicial proceedings, remote interest does not disqualify the magistrate. It has been held that the interest of a justice of the peace in the event of a criminal proceeding, by reason of the fine, if imposed, being payable to the treasurer of the town of which he is a ratable inhabitant, or of the town being liable for the costs of the prosecution, if no fine should be imposed, is not such an interest as works a disqualification of the justice ; that such interest is too remote, and is not such an interest as the statute contemplates. By analogy, we think the interest of the petitioners in a highway case, is too remote to work a disqualification to one from acting as commissioner, by reason of his being related to such petitioner. By " disinterested freeholder," we think the legislature intended one who was so situated that the establishment of the highway,

or refusal to establish it, would not directly affect his pecuniary interest, and that it was not intended to exclude, and does not exclude, every one who happens to be related to one of the petitioners within the fourth degree of affinity. We understand this is the construction which the late Chief Justice REDFIELD gave in the county court to this language of the statute, in a proceeding against the town of Wilmington, in Windham county. The same construction has been given to a similar statute in Massachusetts. *Wilbraham* v. *County Com'rs of Hampden*, 11 Pick. 322. The duty of hearing and determining petitions for the establishment of highways, by the statutes of Massachusetts, was given to a special board of county commissioners. The case arose on a petition for a writ of *certiorari*, to quash the proceedings of the commissioners in laying out and establishing a highway in a town in which one of the commissioners was a ratable inhabitant, on a petition signed by his son and brother, with others. The petitioners, by force of the statute, were liable for costs if the establishment of the highway should be refused. A special commissioner could have been called in, to act in the place of the one so interested and related to the petitioners. The court held, Chief Justice SHAW delivering the opinion, that the commissioner was not disqualified, and refused to issue the writ, on the ground that the commissioner's interest was too remote. The causes for disqualification were analogous to, but stronger than in, the case at bar. That case furnishes a good illustration of what interest will not disqualify a member of a board which had as complete power in the establishment of highways as has the county court in this state. If such interest would not disqualify a member of the county court, much less would that interest in a commissioner, whose action and findings do not conclusively bind the court, render the action of the court in accepting the report erroneous. Judgment affirmed.