H. C. ORCUTT AND OTHERS *v.* TOWN OF HARTLAND.*

*Laying out Highways. Sts.* 1872, *No.* 38, *s.* 2.

Commissioners appointed on filing of petition in County Court for the laying out of a highway reported in favor of the making of the proposed highway, but on condition that it should be so constructed as not to increase the danger to the railroad by the side of which it was to run, by reason of the sliding of earth from the embankment. The petitionee moved that the report be set aside for that reason, but the County Court accepted the report, to which the petitionee excepted. *Held*, that the petitionee was required by law to construct the road in the manner provided, that the report imposed no additional burden, and that as the error was therefore formal, and such as would not have called for issue of a writ of *certiorari*, the judgment, under s. 2, No. 38, Sts. 1872, should not be reversed.

THIS was a petition to the County Court for the laying out of a highway in the town of Hartland by the side of the Woodstock Railroad, and in part on the land of the Woodstock Railroad Company.

The commissioners reported that the railroad company made no claim for land-damages, but asked only that the highway should

---

*Heard at the February Term, 1878.

be " so constructed as to render the railroad no more liable to
obstruction or damage by the sliding of earth " from the embank-
ment of the highway, than it was before from the sliding of earth
from the old embankment ; and that they had accordingly laid out
a highway to be " so protected by bank-wall or otherwise, as to
protect " the railroad in the manner required.

The petitionee moved that the report be set aside, for that the
commissioners had laid out the highway to be constructed in the
manner stated, instead of awarding money in payment of land
damages ; for that, by the report, the town would be liable to the
railroad company for the land taken, if the highway were not so
constructed ; for that there was no way provided to determine
whether or not the highway, when built, was in accordance with
the report ; and for that there was no way provided for the ascer-
tainment of the amount of the land damages, if the town should
become liable to pay.

The court at the February Term, 1878, BARRETT, J., presiding,
overruled the motion and accepted the report ; to which the de-
fendant excepted.

*A. P. Hunton* and *W. B. C. Stickney*, for the petitionee.

The commissioners had no right to prescribe a mode in which
the highway should be constructed, instead of awarding land
damages. *State v. Williston*, 31 Vt. 153.

They had no right to impose on the town any burden greater
than the law would impose.

*J. K. P. Chamberlin* and *Julius Converse*, for the petitioners.

In a case like this no question can be brought here on excep-
tions that, before the statute, could not have been brought up on
*certiorari*. Sts. 1872, No. 38, s. 2.

No question could be brought up on *certiorari*, except questions
of law. *Royalton v. Fox*, 5 Vt. 458 ; *Adams v. Newfane*, 8 Vt.
271 ; *Paine v. Leicester*, 22 Vt. 44.

It was not necessary that there be an award of damages in
money. *Livermore v. Jamaica*, 23 Vt. 361 ; Comp. Sts. c. 22,
s. 69 ; Rev. Sts. c. 20, s. 53 ; Gen. Sts. c. 24, s. 78.

The town was bound by the law, independently of the report, to make a sufficient road.

The acceptance of the report was a matter of discretion, and not revisable.

The opinion of the court was delivered by

DUNTON, J.    While we do not question the authority of *State v. Williston*, 31 Vt. 153, we do not think anything more is required of the defendant town by the report of the commissioners as to the mode of constructing the proposed highway, than is required of them by law.    Independent of the requirement of the report, as to how such highway shall be constructed, it is the legal duty of the defendant town to so construct the same as not to unreasonably endanger the railroad, by making it more liable to obstruction by the sliding of earth upon it than it was before.    We therefore regard the error complained of as a formal one, not affecting the liability of the defendant town.    Section 2, No. 38, Sts. 1872, provides that no judgment of the County Court in cases like this, shall be reversed, unless this court would have granted a writ of *certiorari*, for the same cause.    But such writ has been uniformly denied by this court, unless the error complained of was one affecting the substantial justice of the case.    See *West River Bridge Co.* v. *Dix*, 16 Vt. 446 ; *Myers* v. *Pownal*, *Ib.* 415 ; *Rockingham* v. *Westminster*, 24 Vt. 288 ; *Pomfret* v. *Hartford*, 42 Vt. 134, and *Chase* v. *Rutland*, 47 Vt. 393.

*Judgment affirmed.*