L. GRAY AND OTHERS v. MIDDLETOWN AND POULT-
NEY.

*Highway. Disqualification of Commissioner. Certiorari.*

COMMISSIONER, DISQUALIFCATION OF.—The petition was for the establish-
ment of a highway in the towns of M. and P. One of the commissioners
had a grand list in M.; but before acting he conveyed the property
which was the basis of the list. The town of P. alone excepted. It did
not appear from the exceptions that the County Court had accepted
the report of the commissioners, or established the highway, or appor-
tioned the expense of building the same. *Held,*

1. That the commissioner was not disqualified; as it was evident that the
highway could not be constructed in season so that a tax could be
assessed on his then list.

2. That commissioners are but agents or officers of the court in investigating
the subject matter; and the court is not bound by their action.

3. That the judgment of the court below, in this class of cases, should not be
reversed unless the writ of *certiorari* would be granted for the same
cause; and this writ is not granted if it is not apparent that some
substantial injustice has been done.

COMMISSIONERS' report. Heard, September Term, 1883,
VEAZEY, J., presiding. The town of Poultney filed an exception
to the report. The court held that the commissioner was not
disqualified; allowed exceptions and ordered the cause to the
Supreme Court under section 1390, R. L.

*Lawrence & Meldon,* for the defendant.

The commissioner was disqualified. *Waters* v. *Day,* 10 Vt.
487; *Pond* v. *Millford,* 35 Conn. 33; *Petition of New
Boston,* 49 N. H. 328; *Chase* v. *Rutland,* 47 Vt. 393; *Peti-
tion of the Town of Nashua,* 12 N. H. 425. The disqualifi-
cation could not be removed by a subsequent sale. *Phelps* v.
*Hull,* 2 Tyler, 401.

*Joel C. Baker*, for the petioners.

In a case like this the excepting party must show something more than that there was error. The writ of *certiorari* has uniformly been denied unless error has been committed doing substantial injustice. *Myers* v. *Pownal*, 16 Vt. 408; *West River Bridge Co.* v. *Dix*, 16 Vt. 446; *Pomfret* v. *Hartford*, 42 Vt. 134. And it will not be assumed that error has worked injustice; the party applying for the writ must show it. *Lyman* v. *Burlington*, 22 Vt. 131; *Londonderry* v. *Peru*, 45 Vt. 424; *Chase* v. *Rutland*, 47 Vt. 393.

The opinion of the court was delivered by

Ross, J. The only contention is in regard to the qualification of Cyrus Jennings to act as a commissioner to inquire and report to the County Court whether the highway petitioned for should be laid out and established in the defendant towns. He had a grand list in the town of Middletown when he acted as such commissioner, but before acting had conveyed the property which was the basis of the grand list. He would be interested in whatever taxes might be assessed by the town of Middletown for the current year 1883, but not beyond that period. This interest, so far as it operated either way, was against laying out and establishing the highway. The town of Middletown does not complain of his action as such commissioner. The town of Poultney alone excepted to the holding of the County Court that this interest, if such it may be called, did not disqualify Jennings from acting as commissioner. It does not appear from the exceptions that the County Court has accepted the report; nor laid out and established the highway; nor apportioned the expense of building the same between the defendant towns. These are all matters which the defendants by filing proper exceptions to the report, have the right to have the County Court inquire into and determine for itself upon evidence taken and produced before it, to enable it to ascertain whether the commissioners have arrived at just and proper conclusions in regard to the same. It is not apparent, therefore, that the action of the

County Court so far as disclosed by the exceptions has been prejudicial, or worked any injustice to the town of Poultney. The report of the commissioners is only *prima facie* evidence of the existence of a legal necessity or the establishment of the highway. On exceptions, in this class of cases, the judgment of the County Court is not to be reversed unless this court would have granted a writ of *certiorari* for the same cause. R. L. sec. 1387. It has been uniformly held that this court will not grant the writ of *certiorari* unless it is apparent that the action of the inferior court has done some substantial injustice to the party praying for it. *Lyman* v. *Burlington*, 22 Vt. 131 ; *Londonderry* v. *Peru*, 45 Vt. 424 ; *Chase* v. *Rutland*, 47 Vt. 393.

No substantial injustice can as yet have been done the town of Poultney by the action of the County Court, inasmuch as on other grounds the County Court may, for anything stated in the exceptions, yet set aside the report and refuse to lay out and establish the higway.

But passing this point and coming to the question on which it is evident that the opinion of this court is desired. Was Commissioner Jennings a "disinterested freeholder" residing in another town from that in which the highway petitioned for was located ? It is not claimed that he was interested in laying out and establishing the highway further than every citizen is interested in having convenient and proper highways established, except that he had a grand list in the town of Middletown for the current year 1883, and not beyond that period. He had, therefore, no direct interest in the establishment or non-establishment of the highway, as petitioner, land owner, or person who would be peculiarly accommodated by its establishment. His interest was indirect and remote, the liability that some portion of the expense of its construction might be assessed upon his grand list for that current year. But if the County Court had accepted the report and established the highway, it could not have ordered it to be opened for work in less than six months from the September Term, 1883, which would carry it beyond the time when any taxes for its construction could be assessed on

the commissioner's grand list for 1883. We think it may be well held, under the facts and circumstances of this case, that the claimed objectionable commissioner was disinterested within the meaning of the statute when he acted as such commissioner. It has not been the policy of this court to extend the disqualification, by reason of interest, to judge, justice, juror, or witness beyond what was required by the statute. Witnesses, before the passage of the statute removing the disqualification of interest, were held to be disqualified thereby, only when directly interested in the result of the trial in which they were called. This is abundantly shown by the numerous decisions on this subject contained in the first twenty-three volumes of the reports of the decisions of this court. This disqualification was allowed to be removed by a release given on the trial of the case even. *State* v. *Batchelder*, 6 Vt. 479, holding that a justice of the peace, who was a taxpayer in the town to which the penalty in a criminal case is payable, is not disqualified by reason of interest; *Middletown* v. *Ames*, 7 Vt. 166, which holds that tax payers in the plaintiff town were not, by reason of interest, disqualified from acting as jurors in an action of debt upon a recognizance for the appearance of a person arrested on a criminal process; *Searsburgh Turnpike Co.* v. *Cutler*, 6 Vt. 315, in which it is held that a justice of the peace who is related to one of the stockholders of the plaintiff corporation within the prohibited degrees of consanguinity or affinity, is not disqualified to act judicially in the cause; and *Blodgett* v. *Brinsmaid*, 9 Vt. 27, where it is decided that an appraiser of real estate on the levy of an execution whose deceased wife was sister to the execution debtor is not disqualified, are examples showing that this court has not been inclined to extend disqualifications to act in judicial proceedings beyond what the language of the statute requires. The reasoning of the court in *Waters* v. *Day*, 10 Vt. 487, has the same general tendency. The statute prohibited a justice of the peace to act in a civil cause in which he was *directly* or *indirectly interested*. The court held that the justice was indirectly interested, as a taxpayer, in the penalty sought to be recovered

Gray *v.* Middletown and Poultney.

in the *qui tam* action, because a part of it was payable to the town in which he was a resident taxpayer. The learned Judge COLLOMER clearly distinguishes the case from *State* v. *Batchelder*, *supra,* upon the ground that in civil actions, *inter partes,* the statute requires that the justice should not be indirectly interested in the result of the suit.

This proceeding is not one *inter partes,* and within the statute requiring those acting judicially not to be *indirectly* interested in the adjudication. It is an inquiry whether the town has properly discharged its duty to the public in establishing required and convenient highways. The petitioners hold relation to it more in the nature of private informers and prosecutors than of parties. The expense of its construction and maintenance is incident to the inquiry, like the fine or penalty in a criminal prosecution, as shown in *State* v. *Batchelder, supra.* The commissioners are but agents or officers of the court in investigating the subject matter of the inquiry. The court is not bound by their action, as is the State and respondent by that of a justice of the peace or jury in a criminal prosecution. Much might be said in favor of holding that the indirect, and often very remote, interest of a taxpayer does not disqualify a commissioner from acting in such proceedings. The decisions of other state courts are not in harmony on this subject, as is shown by the authorities cited in the briefs of counsel. In *Haynes* et al. v. *Wilmington,* Windham Co. Ct., April Term, 1860, the late Chief Justice REDFIELD held that the fact that the wife of one of the commissioners was related to two of the petitioners within the prohibited degree of consanguinity did not disqualify such commissioner—that such relation or interest was too remote. But it is needless to pursue the inquiry. It is not necessary to decide whether such indirect interest disqualifies a commissioner from acting. When Commissioner Jennings acted, he was not a taxpayer in the sense that his liability as such could be affected by his action as commissioner. Hence, he was neither directly nor indirectly interested in the result of his action in that capacity. Judgment affirmed, and cause remanded.