## GEO. J. PRINCE ET AL *v.* TOWN OF BRAINTREE.

*Highways. Land damages. Private road already constructed. Revision of judgment in Supreme Court.*

1. Where a public highway is laid out over a private road in such manner as to convert the private into a public thoroughfare, the land owner is not entitled to recover as damages the expense of constructing the private road, but simply such damages as is actually done him by the taking, notwithstanding that the public has the benefit of his labor.

2. Where commissioners appointed by the County Court upon the laying out of a highway, report certain facts, upon which the County Court gives judgment, the Supreme Court will revise the judgment in so far as it contains errors of law.

Petition to the County Court for the establishment of a highway. Heard upon the report of commissioners, and exceptions of the defendant thereto, at the June term, 1890, Rowell, J., presiding. The Court overruled the exceptions of the defendant to the report, established the highway in accordance with the report, and awarded Geo. J. Princes damages in the sum of $300. The defendant excepted to the judgment awarding damages to said Prince.

The report of the commissioners laid the highway substantially according to the prayer of the petition, and awarded land damages to the said Prince in the sum of $300, but awarded no other land damages. In reference to the damages of the said Prince the commissioners reported as follows:

" We award said three hundred dollars land damages to said George J. Prince, because we lay and establish said highway over and upon a good road built by said Prince, and not otherwise; meaning hereby that if we had found no wrought road where said highway is laid out and established we should award him no damages, but should consider that the benefit to said George J. Prince of a good highway built and supported by the

town through his said lands would be equal to his damages ; and therefore in estimating said damages it was based upon the expense to said Prince of building said road or private way through his own premises, including the A. B. Cushman land.

We further find that said private way was mostly built by said Prince before the petition in this case was served on said town of Braintree, and we further find that said Prince has expended on said private way, in building the same, from six hundred to eight hundred dollars."

The defendant excepted to the report of the commissioners for that " The elements that the commissioners considered in making up and arriving at the damages are not proper subjects to award damages upon."

*N. L. Boyden*, for the defendant.

The expense of constructing the private road was not a proper element of damages. *Dalrymple* v. *Whitingham*, 26 Vt. 345.

*J. D. Denison*, for the petitioner.

The petitioner was entitled to the value of his land taken, and that value should be determined as of the date of the taking and not of some previous date. Constitution Vt. Art. 2, Chap 1.

The court in any event will not reverse this judgment, since it would not grant under the circumstances a writ of *certiorari*. R. L. s. 1387 ; *Chase* v. *Town of Rutland*, 47 Vt. 393.

The opinion of the court was delivered by

TYLER, J. If the benefits accruing to the town in consequence of taking the land of a private person for highway purposes furnished the rule of damages, the petitioner would be entitled to the $300 awarded him by the commissioners, inasmuch as the defendant town received the benefit of his expenses in building the road. But this is not the rule. When lands are so taken the owner is entitled to recover such damages as he has sustained. The hearings and awards by selectmen and commis-

sioners are in all cases upon the claims of the land owners for damages. R. L. 2925–2942.

The commissioners say in their amended report : " We award said $300 land damages to said Geo. J. Prince because we lay and establish said highway over and upon a good road built by said Prince, and not otherwise ; meaning hereby · that if we had found no wrought road where said highway is laid out and established we should award him no damages, but should consider that the benefit to him of a good highway built and supported by the town through his land would be equal to his damages ; and therefore in estimating the damages they were based upon the expense to said Prince of building said road or private way through his own premises." They further state that this private way was mainly built before the petition was served upon the town and at an expense to the petitioner of between $600 and $800.

However equitable the petitioner's claim that he should be awarded a part of the expense paid by him and of which the town reaped the benefit, the statute furnishes no warrant for such an award. In *Dalrymple* v. *Whitingham*, 26 Vt. 345, the rule laid down in *Commonwealth* v. *Norfolk*, 5 Mass. 435, was recognized, that in ascertaining the damages for land taken for a highway, the only matters proper to be considered are the value of the land taken, the expense of fencing, and the damages done to the land remaining. In *Livermore* v. *Jamaica*, 23 Vt. 361, the statute was construed to provide a compensation commensurate with the injury sustained by the land owner, and it was held that in estimating such injury the benefit of the highway to him should be considered. The Court also said that the taking of land for this purpose did not divest the owner of the title ; that it only gave the public an easement in the land, while the owner continued to have a right to such use of it as was consistent with the public enjoyment· of the easement. In this case the commissioners‘state that if there had been no wrought road over the petitioner's land they should have considered that the bene-

fit of the public highway to him equalled his damages. Their award was to reimburse him in part for his expenses in building the road. The award was erroneous; it appears by the report that the petitioner sustained no greater injury in consequence of his private road being adopted as a highway than he would have sustained had there been no private road and the commissioners had laid a highway over the route.

The petitioner's counsel makes the further point that, as the hearing before the commissioners was in the nature of sessions proceedings, their findings upon the question of damages was a finding of fact and final; that this Court will not revise the judgment of the County Court upon the report of commissioners unless it would have granted a writ of *certiorari* for the same cause. Sec. 1387, R. L. provides that questions of law arising upon the trial of a petition to lay out, alter, or discontinue a highway, * * * * may pass to the Supreme Court for final decision, as in other cases; but no judgment of the County Court shall be revised which has been rendered in a proceeding mentioned in this section, unless the Supreme Court would have granted a writ of *certiorari* for the same cause.

Questions which rest in the discretion of the County Court, in highway cases, will not be revised on *certiorari*. If the question here were whether or not the public good required the establishing of this highway, or, if the question were as to the amount of the damages which the petitioner was entitled to receive—his legal right to some damages being made out—this Court would not exercise its revisory power; these questions would then have been exclusively within the jurisdiction of the commissioners and the County Court. *West River Bridge Co.* v. *Dix*, 16 Vt. 446; *Londonderry* v. *Peru*, 45 Vt. 424; *Gray* v. *Middletown*, 56 Vt. 53. Though the granting of the writ is in great measure discretionary with the Court, this discretion will only be exercised where the error is one that affects the substantial justice of the case. Rob. Dig. 127; *Sharon* v. *Strafford*,

56 Vt. 421; *French* v. *Barre*, 58 Vt. 567. In this case the error is one which affects the legal right of the defendant. It is a question of law upon the facts reported whether the petitioner is entitled to any damages, and not a matter of discretion with the court below.. This error would have been revisable upon *certiorari*, and the point made by the petitioner is not sustained.

That part of the judgment which gives $300 damages to the petitioner is reversed with costs to the defendant in this court. The judgment in all other respects is affirmed.