TOWN OF SHARON *v.* TOWN OF STRAFFORD.

*Bridge. Apportionment of Expense on Towns—County
Court can Revise Commissioner's Report. Exceptions.*

1. BRIDGE COMMISSIONERS. The County Court can revise the report of
   commissioners appointed under the act of 1882, No. 16, to apportion the
   expense of rebuilding a bridge among the towns benefited; and the
   whole question is open for consideration,—as whether there should be
   apportionment, and, if so, what each town should contribute. The
   court holding that it had not such power, the question can be raised on
   exceptions.
2. The commissioners are to consider; (1) public utility; (2) expense; (3) abil-
   ity of the burdened town, as indebtedness, population, grand list, &c.;
   and (4) the benefit to such town and other towns.
3. Act of 1882, No. 16, apportionment of expense of rebuilding bridge; R. L.
   ch. 140, bridges, construed.

PETITION of the town of Sharon under No. 16 of the Acts of
1882. Heard on the report of commissioners, December Term,
1883, TAFT, J., presiding. The petitionee excepted to the
report; but the court overruled the exceptions and held as a
matter of law that it had no right to consider the question
whether the proportion assessed to Strafford was reasonable or
unreasonable, and refused to exercise its discretion in regard to
that point. Judgment that the towns be assessed for the expense
of rebuilding, repairing, and maintaining the bridge in the pro-
portions specified in the report. The commissioners decided
that Strafford should bear one-third of the expense. The com-

missioners found that Sharon would be excessively burdened by sustaining the whole expense of repairing the bridge; that Strafford would be benefited by the bridge; but did not report that they took into consideration the indebtedness, population, or grand list of either town.

*Hunton & Stickney*, for the defendant.

The fact that Strafford is accommodated by the bridge is not pertinent to the question. The question was whether Sharon was *excessively burdened*, and this should have been first determined. *Webster* v. *Alton*, 29 N. H. 367; *Whiteridye* v. *Concord*, 36 N. H. 530. Excessive burdens cannot be inferred from the fact of benefit to other towns. The court erred in deciding that it had no power to inquire into the reasonableness of the apportionment. 16 Vt. 326; Ib. 447; *Burgess* v. *Grafton*, 10 Vt. 321; *Crawford* v. *Rutland*, 52 Vt. 412; *Furguson* v. *Sheffield*, Ib. 77; *Woodstock* v. *Gallup*, 28 Vt. 587; *Paine* v. *Leicester*, 22 Vt. 44; *Londonderry* v. *Peru*, 45 Vt. 424. The court may accept or reject the report. R. L. s, 2951.

*Lamb & Tarbell* and *D. C. Denison & Son*, for the petitioner.

The County Court was fully justified in its decision. R. L. ss. 2975, 2977; *Paine* v. *Leicester*, 22 Vt. 44; *West River Bridge Co.* v. *Dix*, 16 Vt. 446; *Gallup* v. *Woodstock*, 29 Vt. 347; *State* v. *Newfane*, 12 Vt. 424; 47 Vt. 393; 45 Vt. 424; 22 Vt. 131; 42 Vt. 134.

The opinion of the court was delivered by

POWERS, J. This is a petition, founded upon No. 16 of the Acts of 1882, for an apportionment of the expense of rebuilding or repairing a bridge located wholly in the town of Sharon.

This act is entitled " An Act in addition to Chapter 140 of the Revised Laws," and reads as follows: " Sec. 1. Whenever any town in this State shall deem itself excessively burdened by being required to build and maintain any highway or bridge

being wholly in such town, or when such town shall be under the necessity of rebuilding any bridge or highway in such town, which bridge or highway such town is bound to build and maintain, and when any other town or towns in this State and in the vicinity shall be deemed to be benefited and accommodated by the use and travel by its inhabitants over such highway or bridge, although such town or towns so to be benefited may lie in a different county from that in which such highway or bridge is to be made or rebuilt, such town so burdened may, by its selectmen, petition the County Court of the same county in which such highway or bridge is to be made or rebuilt, for the appointment of commissioners to act in the premises; and the County Court and the commissioners shall in all things proceed as directed in sections 2969, 2975, 2976 and 2977 of the Revised Laws of Vermont, providing for cases where the town so benefited lie in the same county."

Sections 2969, 2975, 2976, and 2977 of the Revised Laws, specified in the foregoing section of the act of 1882, are found in chap. 140, to which said act of 1882 is "in addition." Hence, the act of 1882, as seen in its title and in its text, was not intended to be a departure from, but to form part of the established system created by law for the building and maintaining of highways and bridges. It is to be read as part of said chap. 140, and meets a case not otherwise therein provided for.

This act of 1882 extends the power given in said chapter to assess neighboring towns for the expense of building highways lying wholly in one town to the case of a *bridge* which is *wholly* in one town; and further provides that if the town to be assessed lies in another county, nevertheless the County Court shall have jurisdiction in the premises, whereas under the existing law such jurisdiction was given to the Supreme Court.

The act provides that the court and the commissioners "shall in all things" proceed as directed in sections 2969, 2975, 2976, 2977 of the Revised Laws.

By collating these sections with other sections in the same chapter, to which they refer, and tracing them back in earlier revisions to the date of their enactment, it will be found that they cover all the cases of highways and bridges ordered to be

built and maintained by commissioners appointed by the County or Supreme Court;—such as the building of a highway, which the selectmen have refused to lay out; the building of a road or bridge on the line between two towns; highways extending into two or more towns or into unorganized towns; as well as cases of grading and graveling the hills on newly laid or existing highways.

Sec. 2975, one of the sections named as the guide of the commissioners appointed under the act of 1882, reads, " if in the opinion of the commissioners a town would be excessively burdened by defraying the whole expense, of making and repairing such bridge or road, etc." The words, " *such bridge*," by the Act of 1882 are enlarged, and now embrace bridges, like the one in question which are to be rebuilt, being wholly in one town. The section continues " they (the commissioners) shall make examination of all the circumstances relating to the road  *  *  * the expense of building or repairing such bridge,  *  *  the ability of such town to bear the expense and the benefit to such town and other towns in the vicinity, &c." The " circumstances" then for the consideration of the commissioners in ordering the building of roads and bridges, and now by the act of 1882 including the case of *rebuilding* a bridge, are (1) *public utility;* (2) *expense;* (3) *ability* of the town; and (4) the *benefit* to *such* town and *other* towns.

The general legislative policy of our State has been to make each town sustain the burden of building the roads and bridges within its limits; and as a rule such burden is not an excessive one. But exceptional cases arise, where it is seen that other towns in fact derive a disproportionate benefit from the use of the road or bridge, which call for a distribution of the burden of its maintenance. In making such distribution the ability of the burdened town is to be considered. This " ability " is a relative term covering a consideration of the town's other burdens, its indebtedness, population, grand list, etc. If, regarding these considerations, the commissioners deem the proposed expense to be beyond the due measure of burden, imposed upon a town

under its common duty to build its own roads and bridges, then the proposed burden is excessive, and neighboring towns benefited may be called upon to aid.

The commissioners upon proper evidence within the limits of the foregoing proposition, adjudged that the rebuilding of the bridge in this case would be excessive, and upon like proper evidence determined that Strafford should be assessed to aid Sharon in the premises.

By section 2977 the court, upon the report of the commissioners, "may thereupon assess the towns so benefited according to such report and *make order on the same,* as is provided in other highway cases." "Other highway cases" are highway cases *ejusdem generis*—cases wherein the court acts upon the report of commissioners. Under section 2950 when commissioners lay a road which the selectmen have refused to lay, the selectmen or other agent or any inhabitant may appear and resist the acceptance of the report by showing any facts relevant to the question, and by the next section the court may reject or accept the report in whole or in part. By section 2966 covering the case of a bridge over a stream between two towns, the acceptance of the report of the commissioners may be resisted by the selectmen or other agents of the towns assessed, by proof of facts relevant to the question, and the court may " *settle the proportion which each town shall contribute."*

Now, when under section 2977, by which this case is governed, it is provided that the court shall make order on the report as in other cases, it is obvious that the whole question is open for consideration ; first, whether Sharon is excessively burdened ; and, secondly, whether Strafford should be assessed, and if so, how much.

The County Court held as matter of law that it had no power to review the action of the commissioners respecting the assessment upon Strafford. We think this was error, and, being the denial of a legal right, it is a question that may be brought here on exceptions.

Judgment reversed and case remanded to be further proceeded with in the County Court.