## TOWN OF WEYBRIDGE *v.* TOWNS OF ADDISON, BRIDPORT AND CORNWALL.

*Highway. Bridge. Apportionment of Expenses on Towns Benefited. Evidence. Act of 1882, No. 16.*
R. L. ss. 2969, 2975–6–7.

1. Evidence is admissible on a hearing before commissioners appointed under the act of 1882, No. 16, for the apportionment of expenses in repairing a highway and bridge, among the towns to be benefited, to prove the burdens of taxation to which the defendant towns were subjected in the support of their respective highways and bridges, for the purpose of determining whether the complainant town was excessively burdened.
2. The "opinion" of the commissioners mentioned in R. L. ss. 2975–6 formed by an *ex parte* examination, is but a preliminary one for citing in the towns to be benefited;—not the conclusive, judgment opinion, in accordance with which the report is to be made. Notice must be given; and afterwards the towns deemed

to be benefited are to be heard on every material question;—as, whether they should bear any part of the expenses; whether the complainant town was excessively burdened; what the ability, indebtedness, population, grand list, &c.

PETITION of the town of Weybridge under No. 16 of the Acts of 1882. Heard on the report of commissioners, and exceptions thereto, December Term, 1884, VEAZEY, J., presiding. Judgment sustaining the exceptions, and recommitting the report to the commissioners. The report stated: "The defendant towns offered evidence respecting the burdens of taxation to which they were subjected in the support of their respective highways and bridges and the protection of them; to which the complainant town objected; but the commissioners, deeming such evidence material in determining whether complainant town was excessively burdened, admitted the evidence; to which the complainant town excepted."

The only exception was to the admission of said evidence.

*Eldredge* and *Slade,* for the petitioner, cited Acts of 1882, No. 16; R. L. ss. 2969, 2975–7; *Sharon* v. *Strafford,* 56 Vt. 421.

*Stewart & Wilds,* for the defendants, cited *Orcutt* v. *Hartland,* 52 Vt. 612; *Sharon* v. *Strafford,* 56 Vt. 421.

The opinion of the court was delivered by

WALKER, J. The town of Weybridge, the petitioning town, seeks by its petition to compel the defendant towns, Bridport, Cornwall, and Addison to contribute to the expense of rebuilding a certain highway and bridge in the town of Weybridge, under the provisions of act No. 16 of the acts of the legislature of the year 1882.

The plaintiff town insists, that the evidence offered by the defendant towns before the commissioners, in respect to the burdens of taxation to which they were subjected in the support of their respective highways and bridges, was wrongfully admitted and considered by the commissioners

in determining whether the plaintiff town was or would be excessively burdened in being to the entire expense of repairing the road and bridge in question.

I. The statute of 1882, which has been held to be "but a part of the established system created by law for the building and maintaining of highways and bridges," was not intended to change the ordinary rule that every town shall build and maintain its own highways and bridges; but was designed to apply only in extraordinary cases, where the benefit derived by other towns from the use of a certain highway or bridge is disproportionate to the benefit derived from the same by the town in which the highway or bridge is situated, taking into consideration, with such benefits, the burdens which the complainant town and the other towns especially benefited by such highway or bridge already sustain in the maintenance of their respective highways and bridges, and in meeting and discharging their other municipal obligations.

The act of 1882 is in addition to, and should be read as a part of, chapter 140 of the Revised Laws. This act extends the provisions of the Revised Laws to a case not therein provided for; and directs that the commissioners in their proceedings under the act, shall proceed as provided in sections 2969, 2975, 2976, and 2977 of the Revised Laws. The commissioners, then, in determining whether the complainant town is or would be excessively burdened by being compelled to defray the whole expense of building or repairing a highway situated within its limits, and whether other towns in the vicinity would be especially benefited by such highway or bridge, and ought to bear any part of the expense of building or repairing the same, must proceed as directed in said sections, so far as these provisions are not modified by the act itself. Under the provisions of the act and these sections of the Revised Laws referred to, the commissioners must consider: First, the public utility of the highway or bridge, the expense, the ability of the com-

plainant town to bear the expense of building or repairing such bridge or highway, and the benefit to such town and the other towns which are made parties defendant to the petition; Second, they must determine whether the complainant town would be excessively burdened by defraying the whole expense of making or repairing such highway or bridge; Third, they must determine whether the defendant towns are so especially benefited by such highway or bridge, that they ought to bear any part of such expense, and if so, what part. These questions must be determined upon a hearing, of which the defendant towns are to have reasonable notice; and when determined the commissioners must make report to the County Court of their proceedings and findings.

There is a duty resting upon a town in common with other towns to build and repair its own highways and bridges; and the burden thus imposed upon it is not as a rule excessive. All public highways in a town are of greater or less benefit to other towns; but such other towns cannot be assessed any portion of the expense of maintaining a public highway or bridge, without their limits, unless they derive a disproportionate benefit from the use of the same, and unless the town in which the highway or bridge is situated is or would be excessively burdened by being required to build or maintain the same.

When is a town excessively burdened? and what shall be considered in determining it? The term "excessively burdened" is a relative one, covering a consideration of the complainant town's burdens in connection with the burdens of the other towns benefited by such highway. A town is not excessively burdened by being required to build and maintain a highway within its limits, within the spirit and intent of the statute, unless its municipal burdens and taxation for necessary purposes would be increased thereby, beyond its due measure and proportion in comparison with the municipal burdens and taxation for necessary purposes

of such other towns as are deemed to be especially bene-fited by such highway.

It was not the intention of the legislature to remove the burden or any part of it, from the town in which the high-way is situated, and throw it upon other towns in the vicinity especially benefited by such highway while such other towns are carrying municipal burdens, considering population, and grand list, etc., as great or greater than the complainant town would be required to bear with all its other municipal burdens by defraying the whole expense of building or maintaining such highway.

A distribution of the expense of building or maintaining a highway cannot properly be made under the statute un-less the corporate burdens for common town purposes of the complainant town and the other towns deemed to be benefited thereby, considering population, and grand list, etc., are disproportionate and against the complainant town. The burden of the town in which the highway is situated, may be heavy, but, when compared with the burden of the other towns especially benefited, *not* excessive. If it is not thus excessive, no apportionment of expense can be properly made.

It might turn out, on consideration of the *ability* of the towns deemed to be especially benefited, that any apportion-ment of the expense of making or repairing the highway would throw an *excessive* burden upon one or all of the towns so deemed to be benefited.

In determining, then, whether the complainant town is or would be excessively burdened by being required to build and maintain a highway or bridge within its limits, and whether other towns deemed to be especially benefited thereby ought to bear any portion of the expense of the same, the *ability* of the towns, so deemed to be benefited thereby, to bear any portion of such expense, as well as the ability of the complainant town, must be considered to-gether with the benefits derived therefrom.

In *Sharon* v. *Strafford,* 56 Vt. 421, POWERS, J., says: " This ' ability ' is a relative term covering a consideration of the town's other burdens, its indebtedness, population, grand list, etc. If, regarding these considerations, the commissioners deem the expense to be beyond the due measure of burden, imposed upon a town under its common duty to build its own roads and bridges, then the proposed burden is excessive." This question of what burden is imposed upon a town, under its common duty to maintain its own roads, involves a consideration of the burdens carried and sustained by other towns. It cannot be ascertained otherwise. There is no statute limit to the burden to be sustained under this common duty imposed upon a town to maintain its own roads. Its limit can be determined only by a comparison of the ability and burdens of the complainant town with the ability and burdens of the other towns deemed to be benefited.

II. It is claimed, that the towns deemed to be benefited are not entitled to be heard upon the question, as to whether the complainant town would be excessively burdened by being required to defray the whole expense of making or repairing the highway or bridge. In support of this proposition the petitioner cites and relies upon sections 2975, 2976, and 2977 of the Revised Laws. These sections do not warrant the construction claimed by the petitioner. Section 2975 provides, that if the commissioners *before an examination is made,* shall be of the opinion that a town would be excessively burdened by defraying the whole expense of making and repairing such road or bridge, etc., they *then* shall make an examination of all the circumstances relating to the road, etc.,—the public utility, the expense, the ability of such town to bear the expense, and the benefit to such town and other towns in the vicinity. Section 2976 provides that if, *upon such examination,* the commissioners are of the opinion that such town would be excessively burdened by defraying all the expenses aforesaid, they then shall

give reasonable notice to one or more of the selectmen of such towns as they deem especially benefited by such road or bridge, etc., "of the *time and place for a hearing in the premises.*"

To this stage of the proceedings the opinion of the commissioners is not a conclusive opinion or judgment. It is simply a preliminary opinion to which they have arrived on an *ex parte* examination and upon which they are to notify the towns they deem especially benefited, of a time and place for hearing in the premises.

The commissioners are not warranted in making report to the court upon such a preliminary opinion against the towns deemed to be benefited. The statute, in conformity with the general policy of the law, requires that there shall be a hearing in the premises, and that the towns deemed to be benefited, shall have an opportunity to be heard upon every question involved in the examination which is material to the issue. The phrase, "a hearing in the premises," embraces all the questions which are to be considered and passed upon by the commissioners. It covers the whole and not a part of the questions involved. After such notice is given the whole matter is open for hearing and final determination; and the towns deemed to be benefited, are entitled to be heard on every material question, particularly the questions, whether the complainant town would be excessively burdened by being required to defray the whole expense of making or repairing the highway, and whether they ought to bear any part of such expense; and if so, what part.

That the "opinion" of the commissioners mentioned in sections 2975 and 2976 is but a preliminary one for citing in towns deemed to be benefited and not a conclusive, judgment opinion, is apparent from an examination of section 2977, Revised Laws, which provides, that, "*if upon such hearing* the commissioners are of the opinion that such other towns ought to bear *any portion* of said expense,

they shall apportion such part thereof as they deem reasonable to any other town which they deem benefited and make report," etc.

The opinion founded upon the hearing, is the conclusive, judgment opinion, and upon it the report of the commissioners is to be made. The towns deemed to be benefited cannot be concluded by any report which is made without giving them a reasonable opportunity to be heard in the whole premises.

We think the commissioners committed no error in admitting the evidence offered, showing the burdens of taxation to which the defendant towns were subjected, in the support of their respective highways, and that they properly considered the same in determining whether the complainant town was or would be excessively burdened by being required to bear the whole expense of repairing the highway and bridge in question.

Judgment reversed, report of the commissioners accepted and petition dismissed.