## THE TOWN OF SHELDON v. THE STATE OF VERMONT.

*Towns.   Highways and Bridges.   Acts of 1884, No. 11.
Aid from the State.*

1.   A town is not entitled to assistance from the State to build or rebuild its bridges, under the Act of 1884, No. 11, when the commissioners fail to find and report that the town, independent of its indebtedness voluntarily incurred in aid of a railroad, would be " excessively burdened" by being required to build them. Such indebtedness is not an element to be taken into account.

2.   The term " excessively burdened," as used in the Act of 1884, No. 11, defined.

PETITION under No. 11 of the Acts of 1884.

Heard on the report of commissioners, September Term, 1885, Franklin County, ROYCE, Ch. J.; presiding.

Petition dismissed.   The petition, commencing, " Your petitioner, the town of Sheldon," etc., was brought to the County Court of Franklin County, and was signed by the selectmen of Sheldon.   The petition described the bridge; alleged that it was unfit for use and dangerous by reason of decay; that several other towns, naming them, in the vicinity would be benefited, etc. ; that the petitioner was bound by law to maintain the bridge; that the petitioner deems itself excessively burdened by being required to build and maintain said bridge. The prayer was that the court would appoint commissioners to act in the premises, to examine into the matters set forth, and to report to the court, and that the court, upon the coming in of the report, adjudge that said bridge, abutments, etc., be rebuilt, and that the court appoint a commissioner, who should have charge of the work, etc.   To the petition was attached a citation, signed by the clerk of the County Court, directed to George W. Burleson, state's attorney for the County of Franklin, commanding him to appear before the County Court on the second Tuesday of April, 1885, to answer to said peti-

tion, and represent the interest of the State. A party was recognized to the State of Vermont as surety for costs. The petition was served on the state's attorney, commissioners were appointed, and they were sworn, and a warrant was issued to them signed by the clerk of court. The three commissioners issued a notice, which was served by a sheriff on the state's attorney and on the selectmen of the petitioner and of the several towns in the vicinity. The commissioners made their report to the September Term, 1885, of the County Court of Franklin County. The other facts are sufficiently stated in the opinion.

*Cross & Start*, for the petitioner.
*Geo. W. Burleson*, for the State.

The opinion of the court was delivered by

VEAZEY, J. If the report of the commissioners in this record fails to show that the town of Sheldon would be " excessively burdened " by being required to rebuild the bridge in question, then the judgment of the County Court dismissing the petition was correct.

The report of the commissioners is that this town would be excessively burdened, on the basis and in view of the expense of rebuilding and maintaining said bridge, the other liabilities of the town in maintaining its highways and bridges, including the one ordered to be rebuilt, and the general indebtedness of the town compared with its pecuniary ability. The report also shows that the indebtedness of the town of Sheldon is $45,000, consisting wholly of bonds issued voluntarily by the town to aid in constructing the Lamoille Valley Railroad, and of the U. S. public money, for which the town is responsible. The question therefore is the same as it was in the case of *Weybridge* v. *Addison et al.* 57 Vt. 569, and is this : When is a town " excessively burdened " within the meaning of Act No. 11 of the Public Laws of 1884, and what shall be considered in determining it? The question in the case *supra*

was in reference to another statute providing for an apportionment of expense between several towns; but we think the views there expressed apply to this statute. In that case WALKER, J., speaking for the court, answered the question thus : " The term ' excessively burdened ' is a relative one, covering a consideration of the complainant town's burdens in connection with the burdens of other towns benefited by such highway. A town is not excessively burdened by being required to build and maintain a highway within its limits, within the spirit and intent of the statute, unless its municipal burdens and taxation for necessary purposes would be increased thereby, beyond its due measure and proportion, in comparison with the municipal burdens and taxation for necessary purposes of such other towns as are deemed to be especially benefited by such highway."

The commissioners have failed to find that Sheldon would be excessively burdened except in view of the general indebtedness of the town. The indebtedness of Sheldon was incurred, not for necessary purposes, nor in discharge of its common duty to maintain its own roads and bridges, or to pay other necessary and common town burdens and expenses. It would seem to be very clear, without a more pointed provision than is found in Act No. 11, that the legislature never intended that a town should have a bridge within its borders rebuilt by the State where the burden only becomes excessive by reason of its indebtedness voluntarily incurred by investment in a railroad. It is indeed somewhat difficult to see why any indebtedness, except when incurred to meet an unusual and extraordinary emergency, should be taken into account on this point; because the burdens imposed by statute upon towns for the ordinary and necessary purposes are common, and many, probably most towns, pay as they go. Why should others that do not, but borrow money and run in debt, have that indebtedness considered on the question of excessive burden? Presumably, when a town runs in debt for something, it has that thing. Even if it did not get good consideration, or

incurred a debt for something that was worthless, it would seem to be hardly warrantable on that account to force the other towns constituting the State to aid the indebted town in the discharge of its common duty.    Without following this line of suggestion further, we hold that when commissioners, sent out upon petition under the act in question, fail to find and report that the petitioning town would be excessively burdened by being required to build or rebuild a highway or bridge, independent of its indebtedness voluntarily incurred in aid of a railroad, the report furnishes no legal basis for a judgment in favor of the town, and that the petition should be dismissed.    This view renders it unnecessary to pass on the other objections argued.

Judgment affirmed.